Garr *v.* Selden.

SAME TERM.      *Before the same Justices.*

GARR *vs.* SELDEN.

To impute to a professional man ignorance, or want of skill, in a particular transaction, is not actionable. To be actionable, words of that character must be spoken or written of him generally.

But words imputing to a lawyer a want of integrity, whether they are used generally of his profession, or particularly as to some one transaction, are actionable.

Accordingly held actionable to charge an attorney with revealing and disclosing confidential communications made to him by his client, for the purpose of aiding and abetting another person, with whom he has combined and colluded, and of injuring his client.

DEMURRER to declaration. The action was for a libel. The declaration alledged that the plaintiff was an attorney and counsellor at law and a solicitor in chancery ; that having been concerned in the prosecution of divers suits, &c. for the defendant Selden and one Richards, upon their retainer, he commenced in action in this court against them for the recovery of. moneys claimed by the plaintiff to be due from them to him, for his work, labor and services as such attorney, counsellor, and solicitor, in and about the prosecution of those suits, &c. ; that the defendant and said Richards pleaded the general issue

in the said action, and annexed thereto a notice of special matter, a part of which was in these words :

"And these defendants will further prove on the trial of this cause, that the said plaintiff conducted the prosecution and defense of the several suits, and attended to the other professional services of attorney, solicitor and counsellor in said declaration, in so careless, negligent, unskillful, undue and improper mode and manner, as to render such professional services, and every part thereof, wholly abortive, and of no value to the said defendant." That the plaintiff made a motion, to the court, to strike out that part of the notice, as false and slanderous; that in opposition to said motion the defendant Selden made an affidavit, and read and published the same in open court, on the hearing thereof, and placed the same on the files of the court, containing among other things the following *irrelevant, impertinent,* false, scandalous, defamatory and libellous matter, to wit : "David Selden, one of the said defendants, deposes and says, that the said plaintiff revealed and disclosed confidential communications which deponent had made to said Garr as the attorney of the deponent and said Richards, relative to a portion of the professional business for which this suit is brought. And that said Garr revealed said communications for the purpose of aiding, assisting, and abetting an individual who had an interest adversely to the deponent and said Richards. That said Garr combined and colluded with that individual to devise plans to injure deponent and said Richards, and prejudice their pecuniary and other rights. And deponent means to be understood, that said Garr made use of and revealed the said confidential communications, as one of the means by which he and the said individual were to accomplish the said object ; and that the said Garr has grossly violated his duty to the deponent and the said Richards, in the transaction of the said litigations and business."

To this declaration the defendant demurred, and assigned the following causes of demurrer. 1. That it does not appear that the libel was ever *published.* 2. That the declaration charges *no specific* offense against the defendant. 3. That the affidavit

Garr *v.* Selden.

alledged to be libellous was part of a *judicial proceeding*, and was *relevant* and *pertinent* thereto.   4. That it does not appear by the declaration that the matter alledged to be libellous, was published with *malice*, nor that it was *false*, nor that it was not *pertinent* and *relevant*.   5. That the affidavit was a *privileged communication*, aud can not by any possibility be a libel.   6. That the plaintiff's only remedy is by a *special* action on the case, in the nature of an action for a malicious prosecution.

*C. W. Sandford*, for the plaintiff.

*P. Y. Cutler*, for the defendant.

*By the Court,* EDMONDS, J.   To impute to a professional man ignorance or want of skill in a particular transaction, is not actionable.   To be actionable, words of that character must be spoken or written of him generally.   It is not so, however, of words which impute want of integrity.   They are actionable, whether used generally of his profession or particularly as to some one transaction.   The words in this case impute want of integrity, and are actionable, per se.

It is averred that they were pertinent to the matter in hand, and therefore privileged.   But in the mean time the count avers that they were used maliciously, and were not pertinent.   If so, they were not privileged, but actionable; and we can not hold, as the demurrer claims, that these words, thus used maliciously and not pertinent, are not actionable.

The demurrer must be overruled, with leave to amend, on payment of costs.