ROSWELL W. KEENE, Appellant, *v.* THE TRIBUNE ASSOCIATION of the City of New York, Respondent.

*Order for interlocutory judgment, not appealable — what reviewable on appeal from an interlocutory judgment — slander — charge of special damage unnecessary — innuendo.*

An appeal from the interlocutory judgment rendered in an action brings up for review the sufficiency of the complaint therein.

An order directing the entry of an interlocutory judgment upon the argument of a demurrer is not appealable.

Whatever words have a tendency to hurt or bring ridicule or contempt upon a person, or are calculated to prejudice a man who seeks his livelihood by any trade or business, are actionable, when proved to have been spoken in relation thereto, and unless the defendant shows a lawful excuse the plaintiff is entitled to recover without allegation or proof of special damage.

Where there is nothing in an article that shows that any of the allegations thereof were made in respect to any trade or business in which a person was engaged, an innuendo cannot change or enlarge the plain meaning of the words, and it is not enough that the language tends to injure such person in his office, profession or trade, but it must be proven to have been spoken in relation thereto.

APPEAL by the plaintiff, Roswell W. Keene, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of December, 1886, dismissing the plaintiff's complaint and for costs, and also from an order made at the New York Special Term and entered in said clerk's office on the 18th day of November, 1886, sustaining the defendant's demurrer to the plaintiff's complaint.

*R. W. Keene,* appellant, in person.

*H. W. Sackett,* for the respondent.

VAN BRUNT, P. J.:

The appeal from the order directing the interlocutory judgment must be dismissed, with ten dollars costs, there being no provision in the Code for any appeal from such an order.

The appeal from the interlocutory judgment brings up the sufficiency of the plaintiff's complaint. It was an action to recover damages for an alleged libel. A demurrer was interposed, alleging as a ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action.

Two grounds in support of said demurrer are urged. They are, *First,* that there is nothing libelous *per se* in the publication complained of; and *second,* that there is no adequate allegation of special damage.

Upon the part of the appellant it is not claimed that there is any adequate allegation of special damage, but it is claimed that such allegation is not necessary, and that the publication is libelous *per se,* because it refers to the plaintiff in his occupation, either as a lawyer or as a commissioner in the organizing of the corporation referred to in the article complained of.

There does not seem to be any dispute in regard to the law, but the difference of opinion arises from the application of the well-

recognized rules of law to the facts alleged. There is no question that "whatever words have a tendency to hurt, or bring ridicule and contempt on the plaintiff, or are calculated to prejudice a man who seeks his livelihood by any trade or business are actionable. When proved to have been spoken in relation thereto, the action is supported, and unless the defendant shows a lawful excuse, the plaintiff is entitled to recover without allegation or proof of special damage, because both the falsity of the words and the resulting damage are presumed." (*Moore* v. *Francis,* 121 N. Y. 204.) But the difficulty with the plaintiff's case is that there is nothing in the article which shows that any part of the publication was made in respect to any trade or business in which the plaintiff was engaged. Where such is the case an innuendo cannot change or enlarge the plain meaning of words, and it is not enough that the language tends to injure the person in his office, profession or trade, but it must be proven to have been spoken in relation thereto. (*Moore* v. *Francis, supra.*) As was said in *Kinney* v. *Nash* (3 N. Y. 177), it must touch him in his office, profession or trade.

A somewhat striking illustration of this rule is contained in the case of *Oakley* v. *Farrington* (1 Johns. Cas. 130), where the plaintiff was a justice of the peace, and sued the defendant because the latter called him a damned rogue. The plaintiff was nonsuited upon the ground that these words, although spoken of a magistrate, had no relation to his official character or conduct and were not actionable. In the case of *Van Tassel* v. *Capron* (1 Den. 250) the declaration charged the speaking of the following words of the plaintiff in his character of justice of the peace : "There is a combined company here to cheat strangers, and Squire Van Tassel has a hand in it; King Allen, Ira Green and Squire Van Tassel are a set of damned blacklegs." But the declaration did not show that the imputation was connected with the plaintiff's official conduct, and it was held that they were not actionable.

It would, therefore, appear that the complaint was fatally defective, and that the judgment appealed from must be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Appeal from order dismissed, with ten dollars costs, and judgment affirmed, with costs.