## BATTERSBY v. COLLIER.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

LIBEL—SUFFICIENCY OF COMPLAINT.

     In an action to recover damages for an alleged newspaper libel consisting of an article holding the plaintiff up to ridicule as a man, the alleged libelous matter must be spread out in the complaint, in order that the defendant may be apprised exactly of what he is to meet and repel, and that the court may know precisely what was written; and a mere reference to the article, and a statement of what the plaintiff inferred from parts of it, not set forth in the complaint either in the words actually used or in general tenor and effect, is insufficient.

Appeal from special term.

Action by Jenyus C. Battersby against Peter B. Collier. From a judgment entered on a verdict, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John T. Fenlon, for appellant.
C. Wehle, for respondent.

PATTERSON, J. The plaintiff recovered a verdict in an action for libel, and from the judgment entered upon that verdict, and from an order denying a motion for a new trial, this appeal is taken. The matter of which the plaintiff complains as being libelous was contained in a story entitled "The Colonel's Christmas," and published in a newspaper of which the defendant was the proprietor and publisher. The story or article was written for the defendant, and the plaintiff alleges that, although put in the form of a fictitious tale, it had direct reference to him, and tended to disparage him in his profession as an artist, and to hold him up to ridicule as a man. The case was tried upon the theory that the complaint contained two separate causes of action,—one affecting the plaintiff as an artist, by depreciating and unfairly criticising an historical picture painted by him; and the other holding him up to ridicule or contempt by attempt-

ing to excite compassion for him as a person suffering from dire poverty and distress, and living in squalor and wretchedness. At the close of the plaintiff's case the defendant moved to dismiss the complaint as to both causes of action, and particularly upon the ground "that there is no allegation in the complaint to sustain a charge of libel against the plaintiff in his character as a man, or for the pictures inserted in the article." This motion was denied, and exception duly taken. By far the larger part of the testimony taken on the trial related to the picture and its merits, or supposed demerits; but at the conclusion of the case the learned judge presiding withdrew from the jury any question of libel, so far as the painting was concerned, and left it to the jury to determine whether the publication held the plaintiff up to ridicule by untruthfully describing or portraying him as living in such a state of poverty, when attempting to complete a painting of no artistic merit, that he finally died of want, and in misery and wretchedness. Reference is made to what took place at later stages of the trial, in order that the precise question now before the court may be properly understood; and that question is the sufficiency of the complaint with relation to the only issue that was allowed to go to the jury, namely, that affecting the plaintiff personally, irrespective of his profession or professional work. That the imputation of poverty and squalor and alleged misery may be so put as to excite ridicule, and so amount to defamation, has been held. Moffatt v. Cauldwell, 3 Hun, 26; Patch v. Association, 38 Hun, 368. It was on the authority of those cases that the learned judge allowed the question to go to the jury. But in them, as in every other case of newspaper libel, the article complained of as an entirety, or the words themselves supposed to contain the libelous matter, were spread out in the complaint. It is a rule which is elementary in actions of libel that it is for the court and jury to determine whether the matter thus complained of is libelous. If it is libelous per se, the court so determines; if it is to be made libelous by extrinsic proof, that proof is evidence for the jury. It is not necessary, under the Code of Civil Procedure (section 535), for a plaintiff to set out in his complaint the extraneous facts which show application of the alleged libelous matter to him, but that matter must appear in the complaint, in order that the defendant may be apprised exactly of what he is to meet and repel, and that the court may know precisely what was written. Looking at this complaint, we find that there is nothing whatever setting forth the matter contained in this fictitious story which the plaintiff regarded as defamatory of him personally. All that is done is simply a reference to the article, and a statement of what the plaintiff inferred from parts of the story which are not set forth in the complaint, either in the words used by the writer or in general tenor and effect. The complaint refers merely to two pictorial illustrations published with the story; one representing the plaintiff while living and painting on his picture, and the other representing him as lying dead. It is stated that the "colonel" mentioned in the story was the plaintiff, and that all who heard of the plaintiff and his work, and all his friends and acquaintances who read the article, recognize the fact that this plain-

tiff is meant and referred to as the "colonel" in said article; that the personal appearance of the plaintiff, and all peculiarities of his physical condition, were stated in said article as the characteristics of the "colonel" therein described; that the fact that he received a pension, is stated in the article; that the clothing and the carriage, although caricatured as described in said article, were sufficiently accurate to be recognized as this plaintiff, and that he is represented in the article as having died from poverty, exhaustion, and want, and one of the illustrations of the article represented him as lying dead in the squalor of his studio. While it would not have been possible for the plaintiff to reproduce in his complaint the illustrations of which he complains, and which he points to as libels upon himself, yet those pictures are utterly meaningless, except in connection with the text of the story; and no portions of that text illustrated by those pictures are set forth in the complaint. Its averments are only the plaintiff's own construction and application to himself of the text of the story. It is his view that is put in the complaint, not the writing, from which the court and jury could draw their own conclusion as to the alleged libelous and defamatory character of the matter. We are speaking · now only of the complaint with reference to the cause of action upon which the case was held and allowed to go to the jury. We are not passing upon the sufficiency of the complaint as to the cause of action which was withdrawn from the jury. It is not an answer to this that the whole article was before the jury. Its reception as evidence was strenuously objected to, and exception was taken to its admission. There were no proper allegations upon which to submit the cause to the jury on the only issue left to it. The other issue having been taken away from the jury, it follows that the motion to dismiss the complaint should have been granted.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.