JENYNS C. BATTERSBY, Plaintiff, *v.* PETER F. COLLIER, Defendant.

| 34 | 347 |
|----|-----|
| 76 | ²266 |

*A notice of appeal, when improper — complaint in an action for libel — criticism of a picture — a libel must relate to professional character generally, not to a particular work.*

Where exceptions are ordered to be heard at the Appellate Division in the first instance upon the dismissal of the complaint by the court at the trial, and judgment is suspended until the hearing and decision thereon, the service of a notice of appeal is both unnecessary and improper.

The complaint in an action for libel should set forth the words complained of as used by the defendant, and it is not sufficient to set out their tenor and effect with innuendoes.

In an action for libel against the plaintiff in his profession as an artist, the complaint alleged that, in the article complained of, published in the defendant's newspaper, the words occurred: "What matters it if the Colonel's ideas of color, light and shade were a trifle hazy, if his perspectives was a something extraordinary, his 'breadth' and 'treatment' and 'tone' truly marvelous? The surrender was a great, a vast picture, and it was the Colonel's life."

*Held,* that, conceding that these words applied to a picture painted by the plaintiff, the natural construction of them would not make them anything more than

a fair criticism of the particular picture — such as is always permitted in regard to any work of art to which the attention of the public has been invited — there being, in this case, no allegation in the complaint that the words were published with any malicious intent.

Nothing can be said to be libelous of a man in his profession unless it degrades or lowers him in his professional character generally, and it is not a libel of one in that regard to say that, in any particular work, he has fallen below the proper standard or has made a failure.

MOTION by the plaintiff, Jenyns C. Battersby, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*Charles Wehle*, for the motion.

*John T. Fenlon*, opposed.

RUMSEY, J.:

Before proceeding to the discussion of this case, it is proper to call attention to the form of the order directing the exceptions to be heard in this court in the first instance. That order provides for the service of a notice of appeal, which was entirely unnecessary and improper. Where the exceptions are ordered to be heard, as was done here, and judgment is suspended until the hearing and decision, there is nothing to appeal from. The only proceedings that can be taken are, the making of a case or bill of exceptions and bringing the exceptions to be heard in this court; and no judgment can be entered until after the determination of the Appellate Division shall be had upon the motion for a new trial.

The action is for a libel of the plaintiff claimed to have been published in a periodical controlled by the defendant. It has been twice tried. Upon the first trial, the plaintiff had a verdict which, upon appeal, was reversed by this court. Upon the second trial, the complaint was dismissed before any evidence had been given, for the reason that the facts stated in it did not constitute a cause of action. The exception taken to that ruling was ordered to be heard in the first instance in this court, and the case now comes here upon a motion for a new trial made by the plaintiff upon the exception thus taken.

The plaintiff in his complaint seeks to present his case in three

aspects, although he does not set out in form three causes of action; but he claims that the facts stated by him are sufficient to show that a libel was published of him personally by holding him up to ridicule and contempt, and that the same publication is also a libel against him in his profession as an artist by malicious criticism of a picture produced by him.

So far as the first claim is concerned, it was disposed of when this case was before the court on a former appeal. At the trial then under review, the court withdrew from the jury any question of libel so far as the painting was concerned, but left it to them to determine whether the publication held the plaintiff up to ridicule by untruthfully describing or portraying him as living in such a state of poverty, when attempting to complete a painting of no artistic merit, that he finally died of want and in misery and wretchedness. Upon the appeal it was held that the complaint did not set out facts sufficient to constitute a libel against the plaintiff personally, and for that reason that the learned court had erred in sending that question to the jury. (*Battersby* v. *Collier*, 24 App. Div. 89.) So far, therefore, as that supposed cause of action is concerned, the question is determined, and it must be held that there are not in this complaint any sufficient allegations to constitute a cause of action against the plaintiff personally.

The only question then left is, whether the facts set out in the complaint are sufficient to constitute a cause of action for a libel against the plaintiff in his profession as an artist. That matter was, by the former decision, left undecided. It was therein held, however, that the complaint, while it need not set forth the extraneous facts which show the application of the libelous matter to the plaintiff, must contain the alleged libelous matter itself; and that a reference to it and a statement of what the plaintiff infers from parts of it which are not set forth in the complaint, are not sufficient. In actions of this kind, the words complained of as used by the defendant must be set out in the complaint, and it is not sufficient to set out the tenor and effect of them. (*Ward* v. *Clark*, 2 Johns. 10; Odgers Sland. & Lib. 471.) This is necessary in order that the court may judge whether the words constitute a cause of action, and also because the defendant is entitled to know the precise charge against him and cannot shape his case until he knows it. It is not

sufficient to give the substance or purport of the libel with innuendoes. This being the rule, the question presented here is to be determined by a consideration of that portion of the article which is set out in the complaint; and unless that portion, interpreted in view of the surrounding facts stated in the complaint, constitutes a libel against the plaintiff in his profession as an artist, the ruling at the Trial Term was well made, and the motion for a new trial must be denied.

The complaint states, substantially, that the plaintiff is an artist, and that for six years he has been and still is engaged in painting a picture representing the meeting of Generals Grant and Robert Lee at Appomattox Court House, at which time the plaintiff was present as an officer in the United States service. It is said in the complaint that the picture was produced from sketches made by the plaintiff from personal recollection and from pictures and photographs; that the plaintiff's studio was in West Thirtieth street in the city of New York; that numerous persons who were introduced to the plaintiff by friends called at the said studio and were permitted to inspect the said picture, although the same was not completed; that in December, 1892, a writer employed by the defendant on his newspaper called at the plaintiff's studio and was introduced by a friend and inspected the picture, and that all the details thereof were explained to her. It is alleged that after the inspection by this writer, and on the 24th of December, 1892, an article appeared in the defendant's newspaper, entitled " The Colonel's Christmas," and contained certain illustrations designed to represent the colonel, both living and dead.

It is not necessary to consider the allegations with regard to these illustrations, which are relied upon simply to constitute a libel against the plaintiff personally, because it has already been decided that they are not effective for that purpose.

The complaint then contains further allegations, that, while the plaintiff is not mentioned in the article, nor any name given to the " Colonel," the references to the plaintiff, to his work and to his studio, are so full and complete that all who have heard of the plaintiff and his work in producing the painting, all his friends and acquaintances who read the article, recognize the fact that the plaintiff is meant and referred to as the " Colonel " in said article, and

the complaint contains other details tending to show that the person referred to in the article is the plaintiff. It is also stated in the complaint that the references in the article to the studio mentioned, and the description of the person engaged in painting the picture represented in the article, the picture itself, and the place where it was painted, and the similarity of the plaintiff to the painter, are all unmistakable and describe the plaintiff and his picture and his studio. The complaint then contains an allegation that the article so published and references therein to the plaintiff under the name of the "Colonel" are libelous, and calculated to degrade and ridicule the plaintiff and to lower his character as an artist and as the painter of said historical painting; that the painting is referred to as an "awful daub," and that all references to the picture which do not describe it as a "daub," the work of an immature if not imbecile person, are sarcastic.

Thus far in the complaint no portion of the libel has been set out, and we have only the inferences which the plaintiff sees fit to draw from what he says are the contents of the article. It is said by the plaintiff that the article was written with reference to an historical picture; that the words in it are such as to point to the plaintiff as the person intended to be spoken of, and that the references are libelous and calculated to degrade and ridicule the plaintiff in his character as an artist. But all these things are stated simply as inferences which the plaintiff draws from what he says is the article published in the defendant's paper, and nothing is presented from which even the tenor and effect of the article can be inferred. The complaint then contains the following statement: "That in said article the words occur: 'What matters it if the Colonel's ideas of color, light and shade were a trifle hazy, if his perspectives* was a something extraordinary, his 'breadth' and 'treatment' and 'tone' truly marvelous? The surrender was a great, a vast picture, and it was the Colonel's life.'" The complaint alleges that the praises were only meant sarcastically and that the opposite was meant to be expressed. The complaint then contains an allegation that in and by said article it was designed to charge and insinuate that the plaintiff is not an artist and not qualified to paint a picture, and that the picture then being painted by the plaintiff was a ridic-

* *Sic.*

ulous production of no artistic merit and a mere "daub." There are other allegations in the complaint which it is not necessary to consider.

It was necessary, of course, for the plaintiff to set up all such matters of inducement by way of innuendo as would enable the court in construing the article to possess itself of the circumstances surrounding the case, and to construe the pleading in view of all those circumstances; but the innuendoes in the complaint cannot be made to enlarge the natural meaning of the words, nor can they be made to introduce new matter. (Odgers Sland. & Lib. 101; Towns. Sland. & Lib. 579, 580, 582.) The only object of these allegations is to enable the court fully to understand the words set out in the complaint, and to attribute to them the natural meaning in view of the circumstances surrounding the whole transaction at the time the words were printed. So, therefore, the part of this complaint upon which the plaintiff must rely as stating a cause of action for libel is, not that portion which contains inferences drawn by himself as to the defendant's meaning in publishing the article, but only those words which are actually set out as construed in view of the other allegations of the complaint.

It is quite clear that there is nothing in the words set out from which any description of the painting itself can be ascertained. It may be said that it is fair to infer from them that there was a painting and that it was painted by the plaintiff, because the complaint alleges that the person named as the "Colonel" is the plaintiff. But in considering the words, we must dismiss all that portion of the article not set out in the pleading in which it is claimed that the references to the plaintiff are libelous, and confine ourselves to the construction of the words only that are alleged. Conceding that those words apply to a picture painted by the plaintiff, the natural construction of them cannot be said to be anything more than a fair criticism of the particular picture. Nothing whatever is said as to the general qualifications of the plaintiff as an artist; but all that is said is in reference to this particular picture; and of this picture it is said that the plaintiff's ideas of color, light and shade are a trifle hazy; that his perspectives are something extraordinary, and his breadth and tone and treatment truly marvelous, and that the picture is a vast picture, and it was the colonel's life. While it

may be said that these things were meant sarcastically, yet it cannot be fairly claimed that they refer to anything more than the particular picture; and there are no allegations in the complaint from which the jury would have a right to infer that there was any other intention in the publication of the article than a fair criticism upon the particular picture which had been exhibited by the plaintiff to numerous people. It may be that, if the whole article were taken together, it would be found that the statements in it were such as to ridicule and depreciate the plaintiff in his profession as an artist and to lower his character in that regard; but the only question is whether that meaning can be deduced from the particular words set out in the complaint. Unless it can be, then, without doubt, the complaint does not set out a libel.

Fair and legitimate criticism is always permitted upon any work of art to which the attention of the public has been invited. It appears in this case that this picture was exhibited to numerous persons, and that it was intended to be exhibited at the World's Fair in Chicago in 1893. That being so, it was clearly proper for any person to whom it was exhibited to criticise it fairly and with an honest purpose. So long as that criticism was thus made, it was legitimate and could not properly be said to be libelous. (Odgers Sland. & Lib. 34, 36; *Garr* v. *Selden*, 6 Barb. 416; *Foot* v. *Brown*, 8 Johns. 64.) There is no allegation in this complaint that the words were published with any malicious intent. It is quite true the complaint does allege that the illustrations and the sensational references in said article falsely and maliciously represented this plaintiff in the position of a ridiculous, half-demented dotard and beggar; but these allegations are simply the inferences the plaintiff has seen fit to draw from that portion of the article which is not set out in the complaint, and do not operate as an allegation that the criticism itself was made improperly, or dishonestly or maliciously. Careful consideration of the words which are set out in the complaint shows clearly that, taken by themselves, as they must be, in view of the surroundings stated in the complaint, they constitute no charge against the plaintiff personally, but simply amount to a criticism of the work upon which he was engaged and which had been exhibited. Thus regarded, it is quite clear that they do not constitute a libel

upon the plaintiff in his profession as an artist generally. However skillful an artist may be, it is not a libel upon him to say that any particular picture of his is not good of its kind. The same rules must be applied to persons in that profession as apply to persons in every other profession; and nothing can be said to be libelous of a man in his profession except something which degrades or lowers him in his professional character generally; and it is not a libel of one in that regard to say that, in any particular work, he has fallen below the proper standard or has made a failure.

For these reasons we think that the complaint does not state facts sufficient to constitute a cause of action for libel of the plaintiff in his capacity as an artist, and that the action of the trial judge in dismissing the complaint was proper. The exceptions should, therefore, be overruled, the motion for a new trial denied, and judgment ordered dismissing the complaint, with costs.

The appeal from the order should be dismissed.

VAN BRUNT, P. J., BARRETT, INGRAHAM and McLAUGHLIN, JJ., concurred.

Exceptions overruled, motion for new trial denied, and judgment ordered dismissing complaint, with costs. Appeal from order dismissed.