Rivers v. New York Evening Journal Publishing Co.

Second Department, June, 1907.                    [Vol. 120.

---

MARTHA L. RIVERS, Respondent, v. THE NEW YORK EVENING JOURNAL PUBLISHING COMPANY, Appellant.

Second Department, June 7, 1907.

Libel — pleading — facts showing publication refers to plaintiff — publication stating woman is defendant in divorce action.

It is not necessary to allege in the words of section 535 of the Code of Civil Procedure that the defamatory words were published concerning the plaintiff if from the facts stated in the complaint it necessarily appears that such was the case.

To publish an article falsely stating that a woman is the defendant in an action for divorce which could only be brought on the ground of adultery, is libelous *per se.*

When the complaint alleges that the defendant was and still is the wife of one R. and that the article complained of referred to R.'s "suit for divorce" and speaks of "his divorce complaint," the pleading is not subject to demurrer for failing to show that the defamatory words were published of and concerning the plaintiff.

APPEAL by the defendant, The New York Evening Journal Publishing Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 7th day of February, 1907, upon the decision of the court, rendered after a trial at the Kings County Special Term, overruling the defendant's demurrer to the complaint.

*Clarence J. Shearn,* for the appellant.

*Melville J. France,* for the respondent.

JENKS, J.:

We think that this judgment should be affirmed for the reasons stated by the learned justice who presided at the Special Term. We may add as authorities which sustain his conclusion *Gidney* v. *Blake* (11 Johns. 54); *Dorland* v. *Patterson* (23 Wend. 422, 424.)

The interlocutory judgment must be affirmed, with leave to the defendant to plead over upon payment of costs.

WOODWARD, HOOKER, GAYNOR and RICH, JJ., concurred.

Interlocutory judgment affirmed, with costs.

The following is the opinion delivered at Special Term:

BURR, J.:

It is not necessary to allege in the language of the statute (Code Civ. Proc. § 535) that the defamatory words were published concerning the plaintiff if from the facts stated in the complaint it necessarily appears that such was the case. (*Jacquelin* v. *Morning Journal Assn.,* 39 App. Div. 515.) The article complained of referred to William Pitt Rivers' " suit for divorce." If that had been all it might be uncertain who was the plaintiff in said action, but in the same article it speaks of " his divorce complaint," showing that he was the plaintiff.

A man cannot sue any one for divorce but his wife. The complaint alleges that the plaintiff at the time of the publication was and still is the wife of William Pitt Rivers; necessarily the article could refer to no other person than the plaintiff. To publish an article stating that a woman is a defendant in an action for divorce which can only be brought upon the ground of adultery is libelous *per se.* The demurrer must be overruled.