(57 Misc. Rep. 194.)

### DE FESTETICS v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Special Term, New York County. December, 1907.)

LIBEL—PUBLICATION LIBELOUS PER SE.
     An article in a newspaper, referring to the arrest of plaintiff's husband on a charge of kidnapping, and stating that at one time he sued his wife's attorney for alienating her affections, and brought a divorce suit which had not been decided, is libelous per se, as conveying to the average reader an impression that plaintiff had been sued for divorce on the ground of adultery.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander. § 72.]

Action by Elsie H. De Festetics against the Sun Printing & Publishing Association. On demurrer to complaint. Overruled.

William McArthur, for plaintiff.
Franklin Bartlett, for defendant.

LEVENTRITT, J. On a demurrer to the complaint for insufficiency, the defendant claims that the article published was not necessarily libelous per se, and that, therefore, the plaintiff should have alleged special damage. The article of which the plaintiff complains referred to the arrest of her husband Gyula De Festetics, on a charge of kidnapping, and contains this statement:

"At one time he brought suit against his wife's attorney for alienating her affections, and last October he brought a divorce suit, which has not been decided."

I do not find any ambiguity in this statement. The question is not whether, after a keen and discriminating analysis, it can be said to charge nothing, or to be of doubtful meaning, but whether its natural import to the mind of the average reader is libelous. Or, as was said in Turton v. New York Recorder Co., 144 N. Y. 144, 148, 38 N. E. 1009, "it is to be construed as it would ordinarily be understood by people generally." A person of ordinary intelligence, reading the article complained of, could scarcely fail to un-

derstand it to charge that the plaintiff had not only been guilty of some act of moral turpitude in connection with her attorney, but that she had also been made defendant in an action brought by her husband for divorce on statutory grounds.

The defendant is not aided by the omission to state in its publication that a divorce action was brought against this plaintiff, or that the action was brought in this state. The plaintiff alleges in her complaint that at the time of the publication she was the lawful wife of Gyula De Festetics, and necessarily the article could refer to no one but the plaintiff. The publication was in New York, was made by the defendant in a New York paper, of the plaintiff, from her birth a resident of New York, which state was also the marriage domicile, was read by residents of New York, and must have conveyed to the average reader thereof the impression that the plaintiff had been sued for divorce in this state on the ground of adultery. Therefore the article must be held to be libelous per se. Rivers v. N. Y. Eve. Journal Pub. Co., 120 App. Div. 574, 104 N. Y. Supp. 1081.

The demurrer will be overruled, with leave to defendant to plead over upon payment of costs within 20 days.

Demurrer overruled, with leave to defendant to plead over upon payment of costs within 20 days.