### DEDDRICK v. MALLERY.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

1. LIBEL AND SLANDER (§§ 84, 85*)—PLEADING (§ 54*)—SUFFICIENCY OF COMPLAINT.

The complaint in an action of slander was in two subdivisions; the first one alleging that on or about a time mentioned, at a specified place, "in a certain conversation or discussion had of and concerning the plaintiff," defendant uttered certain slanderous words specified. The second subdivision alleged that defendant, "at such time, in the presence of the other parties, called the plaintiff many other names of a vile and indecent character, thereby maliciously and slanderously meaning to charge" that plaintiff "had violated the penal law of the state of New York relating to drunkenness." *Held*, that the complaint does not state facts sufficient to constitute a cause of action, as the first subdivision does not state that the alleged slanderous words were spoken in the presence of some person other than plaintiff, and the allegation in the second subdivision as to the presence of other persons does not apply to the statement in the first subdivision, and the words complained of in the second subdivision are not set forth.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 199–204; Dec. Dig. §§ 84, 85;* Pleading, Cent. Dig. § 118; Dec. Dig. § 54.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 34*)—CONSTRUCTION.
     In construing pleadings, it is the duty of the court to take the complaint or answer as it is framed, and not to endeavor to sustain it by transposing or introducing a statement not intended to be made a part thereof.

     [Ed. Note.—For other cases, see Pleading, Cent.. Dig. §§ 66–75; Dec. Dig. § 34.*]

     Kellogg, J., dissenting.

Appeal from Special Term, Saratoga County.

Action by Levi B. Deddrick against Alfred T. Mallery. A demurrer to the complaint was overruled, and defendant appeals from an interlocutory judgment entered on overruling the demurrer. Reversed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

James A. Leary, for appellant.
Worden W. Kelley, for respondent.

. SEWELL, J. The defendant demurred to the plaintiff's complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The action is for slander. The complaint contains two subdivisions. In the first it is alleged that:

"In or about the month of May, 1910, on divers different days thereof, at the town of Corinth, in said county of Saratoga, and within the jurisdiction of this court, in a certain conversation or discourse had of and concerning the plaintiff, Levi B. Deddrick, the said defendant uttered false, malicious, slanderous, and defamatory words of the plaintiff, to wit, 'You (meaning plaintiff) are a thief.' 'You (meaning plaintiff) are a rat, a scab, a bastard, and a drunkard.' 'You (meaning the plaintiff) owe Harmon R. Kathan a liquor bill of $130, and you won't pay him.' "

The second alleges:

"That said defendant, at such time, in the presence of other parties, called the plaintiff many other names of a vile and indecent character, thereby maliciously and slanderously meaning to charge and make it believed that the plaintiff, Levi B. Deddrick, had been and was guilty of the crime or misdemeanor in that he (said plaintiff) had violated the penal law of the state of New York relating to drunkenness."

The demurrer is founded in part on the proposition that the alleged slanderous words in the first subdivision, according to the allegations of the complaint, were not spoken in the presence of some person. other than the plaintiff. If this is so, it is clear that the demurrer must be sustained, for the words complained of in the second subdivision are not set forth. "This is necessary, in order that the court may judge whether the words constitute a cause of action, and also because the defendant is entitled to know the precise charge against him, and cannot shape his case until he knows it. It is not sufficient to give the substance or purport of the libel, with innuendoes." Battersby v. Collier, 34 App. Div. 347, 54 N. Y. Supp. 363. "It is well settled," said Mr. Justice Chase, in Drohan v. O'Brien, 76 App. Div. 266, 78 N. Y. Supp. 430, "that in an action for slander the alleged slanderous words complained of as having been spoken by the defendant must be set forth in the complaint, and it is not sufficient to set forth their

tenor and effect"—and he cited 13 Ency. Pl. & Pr. 45; Battersby v. Collier, 34 App. Div. 347, 54 N. Y. Supp. 363; Ward v. Clark, 2 Johns. 10, 3 Am. Dec. 383; Forsyth v. Edmiston, 2 Abb. Prac. 430; Maitland v. Goldney, 2 East. 426.

There are words, specifically stated in the first subdivision, that are slanderous per se; but the difficulty here is, it is not alleged that they were spoken in the presence of a third person, or were heard or understood by any person other than the plaintiff, to whom they were addressed.

There is no force in the contention of the plaintiff that the allegation in the second subdivision, "that the defendant at such time, in the presence of other parties, called the plaintiff many other names," is of itself a sufficient allegation that the slanderous words in the other part of the complaint were spoken in the presence of the same parties.

It appears by the complaint that the allegations in each subdivision were intended to be separate and distinct from the matter in the other. Each is made in the form and language which excludes the idea that what is in one subdivision should be added to the other. Neither in any manner refers to the other, or is capable of being construed as being dependent upon what is contained in the other.

In construing pleadings, it is the duty of the court to take the complaint or answer as it is framed, and not to endeavor to sustain it by transposing or introducing a statement not intended to be made a part thereof. If the intention had been to allege that the slanderous words in the first subdivision were spoken in the presence of other parties, it would have been easy to say so in so many words. Not having done so, the presumption is that no other party was present; for it is to be inferred that a party has stated his cause of action as favorably as possible for himself.

I think the demurrer should have been sustained, and that the interlocutory judgment should be reversed, with permission to the plaintiff to amend his complaint, on payment of the costs of this appeal and in the court below. All concur, except KELLOGG, J., who dissents.