WILLIAM S. EVANS, Appellant, *v.* STAR COMPANY, Respondent.

First Department, May 4, 1923.

Libel — newspaper articles susceptible of meaning only that plaintiff, member of Assembly, accepted bribe to stay away from meeting of legislative committee are libelous per se.

The newspaper articles on which this action for libel is based are susceptible of one meaning only, and that is that the plaintiff accepted a bribe to stay away from a meeting of the judiciary committee of the Assembly of this State, of which he was a member, for the purpose of furthering the interests of those who bribed him, and the articles are, therefore, libelous *per se*.

APPEAL by the plaintiff, Williams S. Evans, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of August, 1922, denying plaintiff's motion to strike out certain separate defenses contained in the answer.

*Don R. Almy,* for the appellant.

*William A. DeFord* [*John T. Sturdevant* of counsel; *William A. DeFord* with him on the brief], for the respondent.

PAGE, J.:

The action is to recover damages for the publication of a libel upon the plaintiff who was a member of the Assembly of the State of New York. In my opinion the articles published by the defendant are only susceptible of one meaning, that the plaintiff had been bribed to stay away from a meeting of the judiciary committee of the Assembly, of which he was a member, at which he knew a motion would be made to report certain bills which gave the Public Service Commission power to authorize an increase in fare on street, subway and elevated railroads, notwithstanding contractual fare limitations in their franchise grants. The articles stress the large corruption fund in the possession of the traction lobby, and the very valuable service to the lobby rendered by the plaintiff and another Assemblyman by remaining away from the meeting, and negative every other excuse for their absence, thus impressing upon the reader the conclusion that the only possible inference was the corrupt one. The articles are libelous *per se*, and the defenses are, therefore, insufficient and should be stricken out.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.