WILLIAM THORNER, Plaintiff, *v.* HOMER SAMUELS, Defendant.

Supreme Court, New York Special Term, December, 1923.

Slander — words spoken must not only relate to plaintiff's profession, but also tend to reflect upon some quality essential to his vocation — motion to dismiss complaint in action for slander granted, with leave to amend — when allegation deemed insufficient as plea of special damages.

The controlling principle in an action for slander is that the words spoken of and concerning the plaintiff must not only relate to his calling, business or profession but that they must also tend to charge him with having some quality which would be detrimental or the absence of some quality which is essential to the successful carrying on of his particular profession or occupation.

Where the most that can be said of alleged slanderous words in no way reflecting upon the ability of plaintiff as a teacher is that they tend to detract from his experience as a teacher of singing and to charge that he has been advertising in respect thereto in a manner calculated to mislead, a motion to dismiss the complaint will be granted with leave to amend.

A general allegation that plaintiff has lost pupils and been prevented from procuring others is insufficient as a plea of special damages.

MOTION to dismiss complaint for failure to state a. cause of action.

*John W. Simpson, 2d (Joseph B. Fleming* and *Louis G. Caldwell,* of counsel), for motion.

*Edward A. Alexander,* opposed.

O'MALLEY, JAMES, J. This is an action for slander. The defendant has moved to dismiss the complaint upon the around that it fails to state a cause of action. It is urged that the alleged spoken words are not slanderous *per se,* and that, as special damages are not alleged, the complaint is defective.

The complaint alleges in substance that the plaintiff for a number of years last past has been a resident of New York city; that on and prior to March 3, 1923, he had a large circle of friends and acquaintances here and elsewhere in various specific cities and in other parts of the world, and that he was of good character and reputation and enjoyed the respect and esteem of his friends and acquaintances; that he is by profession a teacher of singing and for many years last past he has continuously exercised his profession not only in the borough of Manhattan, New York city, but in Paris, and Milan, Italy; that he has trained and developed the voices of numerous pupils, some of whom have become world famous as singers, and that he numbers among his pupils such renowned and famous singers as Amelita Galli-Curci, Rose

Ponselle, Tandy Mackenzie, Anna Fitziu and others; that on or about March 3, 1923, and for a long while prior thereto, the plaintiff had enjoyed the reputation of being one of the greatest teachers of singing and one of the best and most renowned judges of the human singing voice and one of the most experienced men in the profession of teaching and of training and developing the human voice in the art of singing; that his great reputation as a teacher depended to a considerable extent upon his success in having taught amongst other world famous opera singers Madame Galli-Curci, and it had become known prior to March 3, 1923, that the plaintiff had taught singing to Madame Galli-Curci and had materially assisted in the training and development of her voice, and by reason of that fact those familiar with art and musical events had given high rank to the standing and ability of the plaintiff and to his skill, and he had acquired an international reputation as a teacher who had and has great skill, art and ability as a judge of those voices which if properly trained and developed will produce great singers, and as a teacher in voice culture and in the training and development of the human voice in the art of singing, and the plaintiff has acquired a large number of well-paying pupils; that the defendant Homer Samuels is and on March 3, 1923, was the husband of Madame Galli-Curci and her piano accompanist in public concerts, and was so known to the public on March 3, 1923; that on March 3, 1923, Mr. Frederick C. Hand and Mr. Cameron L. Baer were prominent residents of Harrisburg and Reading, Penn., and Mr. Baer had a young daughter who was then being taught the art of singing by the plaintiff and who had been a pupil of the plaintiff for some time prior thereto, and Mr. Baer was desirous of and intended to continue to have his daughter taught the art of singing by the plaintiff and to have the plaintiff train and develop her voice and otherwise take care of its culture and cultivation; that on March 3, 1923, in Reading (place of slander amended from Harrisburg to Reading by stipulation) while Mr. Baer and Mr. Hand were standing together talking in the lobby of the Berkshire Hotel in reference to Mr. Baer's daughter and to the reputation of the plaintiff as a singing teacher, the defendant went up to them and falsely and maliciously stated of and concerning this plaintiff the following false and defamatory words and language, to wit: " I don't want to butt in but do you know Thorner never taught the Madame a note," meaning and intending to mean thereby that this plaintiff had never taught a note of singing to Madame Amelita Galli-Curci, and Mr. Hand and Mr. Baer understood the defendant to mean by the use of this language that the plaintiff had never been Madame

Galli-Curci's teacher, and thereupon Mr. Baer said to the defendant: " I don't know anything about the artistic world — I am a business man — but it seems very strange to me that if Thorner never taught the Madame how could he use her name in his advertisements," and the defendant then and there answered: " The only reason we didn't tramp on his toes was that he got the Madame her first job," and that thereupon Mr. Baer said to the defendant: in the presence of Mr. Hand: " Well I would consider one who has the influence and prestige to bring an artist before the public is certainly worthy of some recognition," and this defendant then and there at the same conversation stated: " If your daughter wants to study with a real teacher she had better study with the Madame's teacher Frantz Proschowsky; " that Mr. Baer asked the defendant Mr. Proschowsky's address; that the defendant stated he was in Chicago and would be at the Madame's summer home after which he would go to New York city in the fall, and further stated that the Madame had already paid the plaintiff $26,000, and that he, the defendant, had bought off the plaintiff; that the statements above quoted which the defendant made of and concerning the plaintiff imputed to the plaintiff and caused Mr. Hand and Mr. Baer to believe that while the plaintiff had held himself out to the public as having been the teacher of Madame Amelita Galli-Curci and the one who discovered her and who first trained and developed her voice, and while he advertised himself to the public as having been her teacher, that the said statements made by the plaintiff were nevertheless false; that he had never taught Madame Galli-Curci a note; that he was a fraud and a faker, was guilty of false advertising, and was not entitled to have the credit, distinction and reputation accorded to him as having been Madame Galli-Curci's teacher; that the defendant made the false and defamatory statements alleged with intentional and actual malice and hatred and out of spite against the plaintiff, and for the purpose of intentionally injuring and undermining his reputation and of destroying his reputation as a teacher of singing and a trainer and developer of the human singing voice; that the false and defamatory statements alleged which the defendant made as aforesaid injured the plaintiff in his profession as a teacher of singing, and in his good name, fame and reputation, caused him to suffer great anguish of mind, and have resulted in the loss of pupils whom he was teaching and of others who would have otherwise engaged him as a teacher of singing, and through whom he had made the profits and emoluments of his profession in teaching the art of singing, to his damage in the sum of $50,000.

It is to be noted at the outset that the action is predicated upon the theory that the words complained of tend injuriously to affect the plaintiff's reputation as a teacher or singing, not that they affect his personal character or are in disparagement of his general reputation. *Labouisse* v. *Evening Post Publishing Co.*, 10 App. Div. 30. His pleading, therefore, must be considered solely in that aspect.

In actions such as the plaintiff has brought, the underlying principle that seems to control is that the words spoken must not only relate to the calling, business or profession of the person who claims to have been damaged, but that they must also tend to charge such person with the presence of some quality which would be detrimental, or the absence of some quality which is essential, to the successful carrying on of the particular profession or occupation. Bower Defamation, 28, 29, n. j.; Townshend Sland. & Lib. (4th ed.) 237; Newell Sland. (3d ed.) 75; Odgers Lib. & Sland. (5th ed.) 32. Nor is it enough that the words tend to injure one in his office or calling, but they must relate to his official or business character, and impute misconduct to him in that character rather than in his ·individual character (Townshend Sland. & Lib., *supra; Van Tassel* v. *Capron*, 1 Den. 250; *Kinney* v. *Nash*, 3 N. Y. 177; *Keene* v. *Tribune Association*, 76 Hun, 488.

Giving the alleged slanderous matter a construction most favorable to the pleader, I am of opinion that the words used do not impute misconduct to the plaintiff in his professional character. The most that can be said of them is that they tend to detract from the plaintiff's experience as a teacher of singing and to charge that he has been advertising in respect thereto in a manner calculated to mislead.

But assuming that the pleading attacked is susceptible of this charge, it tends to impute to the plaintiff misconduct as a man rather than as a teacher of singing. It in no way reflects upon his ability as a teacher. It does not charge that he possesses qualities detrimental to his calling, or that he lacks qualities essential to it. It charges no lack of skill, knowledge of music or incompetency to teach or other qualities having to do with his profession.

It is urged, however, that the charge that the plaintiff has been guilty of false advertising imputes to him the commission of a crime. Penal Law, § 421. But the complaint does not charge that the plaintiff advertised within this state. However, assuming the charge to be that he had so advertised, the plaintiff, as I view it, would be in no stronger position. His action is not based upon an alleged charge of commission of crime, but solely upon a charge affecting his professional reputation. In *Kinney* v. *Nash, supra,*

the plaintiff was charged with having committed bribery, but because the alleged slanderous words were not spoken of the plaintiff, a constable, in his official character, they were held not actionable *per se.*

It follows that the motion to dismiss the complaint must be granted unless the plaintiff has alleged special damages. I am of opinion that he has not. The general allegation that he has lost pupils and has been prevented from procuring others is insufficient. *Smid* v. *Bernard,* 63 N. Y. Supp. 278, and authorities cited.

Motion granted, but with leave to the plaintiff to plead anew within twenty days upon payment of ten dollars costs.

Ordered accordingly.