WARD STEPHENS, Respondent, *v.* ALBERT B. PATTOU, Appellant.

First Department, February 8, 1924.

Slander — complaint sufficient which alleges that plaintiff is professional musician who had been unlawfully discharged as church organist and that defendant stated in presence of another church musician that plaintiff had done " crooked work " at church — special damages not alleged — innuendo charges that words were intended and understood to mean that plaintiff had been dishonest in professional employment.

A complaint in an action for slander is sufficient, though special damages are not claimed, which alleges that the plaintiff is a professional musician with a wide reputation; that he was unlawfully discharged from the position of organist in a church in New York city; and that thereafter the defendant, in the presence of another church musician, maliciously spoke of and concerning the plaintiff the following false and defamatory words: " What is he [plaintiff] doing back here?  He would not dare to start anything here after the crooked work he did at the Church," where the innuendo alleged is that the words were intended and understood to mean that the plaintiff had been dishonest while in the employ of the church, for such words may be deemed to have prejudiced the plaintiff in his profession.

CLARKE, P. J., and MARTIN, J., dissent.

APPEAL by the defendant, Albert B. Pattou, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of June, 1923, denying the defendant's motion for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Taylor, Knowles & Hack* [*Robert B. Knowles* of counsel], for the appellant.

*Higley, Sherman & Booth* [*John P. Booth* of counsel], for the respondent.

FINCH, J.:

This is an action for slander.

The complaint alleges that plaintiff is a musician by profession and has a wide reputation as a teacher of singers and musicians as well as a composer; that the defendant is owner and manager of a church choir agency which keeps lists of soloists and musicians and supplies churches, and that defendant as such owner and manager exercises great influence over church singers and musicians; that plaintiff was the organist of First Church of Christ, Scientist, New York city, and was unlawfully discharged October 13, 1920, and had pending an action against the directors of the church for damages; that in the month of February, 1922, the defendant in the presence of a soloist specializing in church work, unlawfully and maliciously spoke of and concerning the plaintiff the following false and defamatory words, in response to a statement by said soloist that she had seen plaintiff in New York city the same day: " What is he [plaintiff] doing back here? He would not dare to start anything here after the crooked work he did at the Church."

The innuendo alleged is that these words were meant and understood as charging the plaintiff with having been dishonest while in the employ of the First Church and to carry the meaning that plaintiff did not dare to open up a studio in New York city for the instruction of pupils because of such dishonesty. General damages in the sum of $25,000 are claimed.

It is the contention of the appellant that the words do not constitute slander *per se*, and that since there is no allegation of special damage, the complaint is defective. The word " crooked," however, cannot be dissociated from the context or from the circumstances under which it was used. Though not necessarily slanderous in itself, yet if it was used in such manner and under such circumstances as would cause the ordinary average hearer to receive the meaning charged by the innuendo, then the plaintiff is entitled to have a jury say whether they may be so understood. ( *Klaw* v. *New York Press Co., Ltd.,* 137 App. Div. 686; *Sanderson* v. *Caldwell,* 45 N. Y. 398.)

The case of *Villemin* v. *Brown* (193 App. Div. 777), relied upon by the appellant, is distinguishable in that there was the bare allegation " Madame Villemin is a crook," without any allegation that the word was used in respect of the plaintiff's business, and because of this latter fact, in the absence of an allegation of special damage, it was held (two justices dissenting) that the complaint failed to state a cause of action.

One of the well-recognized principles governing an action for slander is that the defamatory words must be falsely spoken and

prejudice a person in his business or profession. In the case just mentioned, the majority opinion of the court said: " Within these authorities as well as within the common use and acceptation of the term, I am of the opinion that the use of the word ' crook ' as charged in the complaint cannot be held to be actionable *per se,* and in the absence of an allegation of special damage or that the word was used in respect of the plaintiff's business, no cause of action is stated."

In the case at bar it is alleged that the plaintiff would not dare to start anything in New York after the crooked work he did at the church. His work at the church was in connection with his business. He had been discharged from the church. The reference to " starting something " might readily be inferred to mean presently starting in his business.

The appellant contends that there was no reference in the words to what the plaintiff did at the church and that he may have been the janitor. The conversation, however, may be construed in connection with the extrinsic fact that the plaintiff had a wide reputation as a musician, teacher and composer and had been the organist of the church. As Judge ANDREWS said in *Sanderson* v. *Caldwell (supra),* using words, which although applied to an action for libel, are equally applicable in an action for slander: " Considering the language * * * in connection with the extrinsic fact proved * * * it is a just inference that the words used related to him in his professional character."

These facts, coupled with the specific allegation that the words were spoken of plaintiff in his business, clearly are sufficient to sustain the complaint against a motion as on demurrer. (*Klaw* v. *New York Press Co., Ltd., supra.*)

It follows that the order should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within ten days upon payment of said costs and ten dollars costs of motion at Special Term.

SMITH and MERRELL, JJ., concur; CLARKE, P. J., and MARTIN, J., dissent.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from service of order, upon payment of said costs and ten dollars costs of motion at Special Term.