JOSEPH MAGNUS, Respondent, *v.* FRANK NEW, Appellant, and Twelve Similar Actions by the Same Plaintiff against Other Defendants.

Second Department, February 6, 1925.

**Libel and slander — defense of privilege must be pleaded — summary judgment in favor of defendant denied — pleading constituting alleged libel should be pleaded in full.**

A motion for summary judgment dismissing the complaint in an action to recover damages for libel must be denied where the basis for the motion is that the defendant was privileged in making the alleged statements, since the question of privilege is an affirmative defense which must be pleaded and proven.

The complaint in a taxpayer's action which is alleged to be libelous should have been pleaded in full by the plaintiff.

APPEAL by the defendant, Frank New, from so much of an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 31st day of October, 1924, as denies his motion for judgment dismissing the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Milton Mayer* [*Goodman Block* and *Frank M. White* with him on the brief], for the appellant.

*Martin J. Tierney,* for the respondent.

KELLY, P. J.:

The defendant's motion to dismiss the complaint for insufficiency was based upon a complaint which the learned justice at Special Term correctly decided contained two separate causes of action. He held that both causes of action were properly pleaded and that the defense of privilege did not apply to the alleged libelous statements in the first cause of action, in the taxpayers' action, because, he said, these statements were not relevant or material to that cause of action. He directed that the second cause of action for alleged malicious premature publication of the pleading should be separately stated.

While we express no opinion at this time as to the correctness

of the ruling of the learned Special Term as to the sufficiency of the causes of action pleaded, the defendant was not entitled to judgment upon the complaint as it was presented to the court. Privilege is an affirmative defense to be pleaded. (*Stuart v. Press Publishing Co.*, 83 App. Div. 467.) The complaint is also open to the criticism that the complaint in the taxpayers' action containing the alleged libelous matter is not pleaded in full. Excerpts only are set out in the complaint in the case at bar. We have examined the complaint in the taxpayers' action, and the necessity for the rule that the entire libelous statements should be pleaded is emphasized. However, as an amended complaint is to be served under the order appealed from, this omission may be remedied in the amended pleading. In the meantime it may be that the taxpayers' action may be tried and decided, which should simplify the proceedings in this libel action. The order denying the motion for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action is hereby affirmed, with ten dollars costs and disbursements, but without prejudice to a renewal of the motion as to one or both causes of action after the complaint has been amended as directed, and after service of answer.

RICH, JAYCOX, MANNING and KELBY, JJ., concur.

Order denying motion for judgment as stated in opinion affirmed, with ten dollars costs and disbursements, but without prejudice to a renewal of the motion as to one or both causes of action after the complaint has been amended as directed, and after service of answer.