NEIL CALLAHAN, Plaintiff, *v.* JOSEF ISRAELS II, and DOUBLEDAY, DORAN & CO., INC., Defendants.

Supreme Court, New York County, May 28, 1931.

*Jacob Rosenberg*, for the plaintiff.

*Kellogg, Emery & Inness-Brown* [*R. H. Scholl* of counsel], for the defendant Doubleday, Doran & Co., Inc.

*Milton A. Kramer*, for the defendant Josef Israels II.

HAMMER, J. The complaint is in libel. On this motion to dismiss or, in the alternative, to strike out the allegations of para-

graphs " third " and/or " fourth," the facts alleged must be taken as true. The " third " paragraph sets forth the facts relied on to show the application of the defamatory matter to plaintiff. The " fourth " paragraph alleges the statements which plaintiff asserts constitute the libel. The libelous matter complained of was published concerning plaintiff by and through the representation of plaintiff in the character " Ralph Halloran " in defendants' book. The defamation is accomplished under the literary forms of a work of fiction. The theory of the complaint is that the libel consisted of a skillfully painted picture. The background was made up of many allusions, not in and of themselves libelous, to incidents, circumstances and facts in the life and associations of plaintiff and his wife. In the foreground was set forth the libelous statements which expose the plaintiff to contempt, ridicule and disgrace, evil opinion and obloquy.

The background and shadows alone were not harmful. The distorted figures and false lights in the foreground were in and of themselves damaging. The combination and setting, and the ruinous result of the finished picture, however, was the evil accomplished.

I think, under the circumstances, that plaintiff was justified in his allegations of fact in exhibiting the entire picture so that the full libel might be exposed, not alone in its central figures and high lights, but also in its minor features, details and shadings. (*Dinkelspiel* v. *N. Y. Evening Journal*, 91 App. Div. 96; *Corrigan* v. *Bobbs-Merrill Co.*, 228 N. Y. 58; *Burnham* v. *Hornaday*, 130 Misc. 207; *Battersby* v. *Collier*, 24 App. Div. 89; *Lyons* v. *Scriber*, 174 N. Y. Supp. 332; *Durante* v. *Contanti*, 130 Misc. 632.)

The import of the matter published was such as to expose the plaintiff to public contempt, ridicule and disgrace, to induce an evil opinion of him in the minds of right-thinking persons, and is such as would deprive him of their friendly intercourse in society. The writing made reference to plaintiff in his occupation in such manner as to affect or tend to hurt him, and as was calculated to prejudice him, therein. In addition there are charges involving moral delinquency, and crime, tending to subject the plaintiff to moral condemnation, ridicule and contempt. The defamatory matter, accordingly, is libelous *per se*. It is not necessary, therefore, that the complaint contain allegations of special damage. (*Magnus* v. *New*, 212 App. Div. 123; *Battersby* v. *Collier*, *supra*; *Sydney* v. *MacFadden*, 242 N. Y. 208; *Moore* v. *Francis*, 121 id. 199, 204; *Stephens* v. *Pattou*, 208 App. Div. 63; *Keene* v. *Tribune*, 76 Hun, 488; *Triggs* v. *Sun Printing & Pub. Assn.*, 179 N. Y. 144; *Morrison* v. *Smith*, 177 id. 366; *First Nat. Bank* v. *Winters*, 225 id. 47; *Evans*

v. *Star Co.*, 205 App. Div. 311; *Van Ingen* v. *Mail & Express Pub. Co.*, 156 N. Y. 376; *Demos* v. *N. Y. Evening Journal*, 210 id. 13.)

The allegations of the " third " paragraph consist of statements of evidentiary facts and not ultimate facts. Under section 241 of the Civil Practice Act evidence should not be pleaded. (*Sherman* v. *International Publications, Inc.*, 214 App. Div. 437; *Burnham* v. *Hornaday, supra*, 217.)

Under rule 96 of the Rules of Civil Practice in an action for libel it is not necessary to state in the complaint any extrinsic facts for the purpose of showing the application to plantiff of the defamatory matter, and plaintiff may state in general terms that such matter was published concerning him. (*Battersby* v. *Collier, supra*.) This rule, however, does not bar plaintiff from setting forth a concise statement of the ultimate facts relied upon by him for the purpose of showing the application to him by and through the representation of plaintiff in the character of "Ralph Halloran " of the defamatory matter in defendant's book. (*Rivers* v. *N. Y. Evening Journal*, 120 App. Div. 574.) (See, also, *Van Heusen* v. *Argenteau*, 194 N. Y. 309; *Corr* v. *Sun, etc., Co.*, 177 id. 131; *McNamara* v. *Goldan*, 194 id. 315.) The complaint, contrary to defendants' contention, does state a good cause of action. The allegation of the defamatory matter, as it is set forth in paragraph " fourth," as I have pointed out, is justified. Defendants' objection to paragraph " third," to the extent that I have indicated, appears to be well taken.

Defendants' motion will accordingly be granted to the extent that paragraph " third " of the complaint will be stricken out and plaintiff may have leave, within ten days after service of copy of the order herein with notice of entry, to serve an amended complaint in compliance with the rule which I have indicated. In all other respects motion is denied. Settle order.