## FOOT *against* BROWN.

<div style="margin-left:2em;font-size:smaller">To say of an at-
torney or coun-
sellor in a par-
ticular suit, " F.
knows nothing
about the suit,
he will lead you
on until he has
undone you," is
not actionable,
without alleging
and proving spe-
cial damage.</div>

THIS was an action of slander. The declaration stated that the plaintiff was an attorney and counsellor at law, and conducted himself with great fairness, skill and integrity, &c. and had been employed by *E. Wilson* and another as counsel to manage a suit depending in this court between them and *J. Banyar* and others, les-sors in ejectment, &c. That the defendant, in the hear-ing of *Wilson*, &c. spoke the following false and defama-tory words of and concerning the plaintiff, and of and concerning his fairness, skill and integrity in his profes-sional business, as an attorney and counsellor at law, to wit : " *Foot* knows nothing about the suit, (mean-ing, &c.) and he will lead you (meaning, &c.) on until he has undone you."

The jury having found a verdict for the plaintiff, a motion was made in arrest of judgment.

*Mitchell*, for the defendant. The words are not in themselves actionable. The motion in arrest stands precisely on the grounds of a demurrer :* The nature and import of the words are not altered or changed by the verdict. The jury have merely found what words were spoken. Their legal nature or import is to be de-termined by the court. Though words may be spoken *maliciously*, they are not therefore to be taken in a bad sense, or considered as actionable. †

No special damages are laid in the declaration, and

<div style="font-size:smaller">* Bacon's Abr.
Slander, (S.) 4
Rep 14.   Syst.
of Plead. c. 31.
Demurrer.

† 3 Bos. & Pull.
372.</div>

the injury, if any, must consist in the probable future damage the plaintiff may sustain, from the nature of the words spoken. And this must be a legal and substantial damage, not an imaginary injury; as if a man is charged to be guilty of some particular crime, or as having an infectious disease which may banish him from society. Words, however opprobrious or disgraceful, unless a legal damage or injury is alleged and shown, are not actionable.* And the plaintiff must show that the words were spoken of his professional character, and that they have injured or will probably injure him in that character.

Again, all the words must be actionable. If the first are not, the last cannot be actionable; all the words must be such as may produce the consequences supposed.† The words must touch the plaintiff's professional character, and must be calculated to injure or disgrace him in that character. Whenever the words stand together, and are uttered *continua voce*, all the words taken together must be actionable; they cannot be taken and construed in parcels. Then, what is the precise meaning or force of the words charged? They amount to this: " *Foot* will lead his client to ruin, because he knows nothing about his cause."

The question, then, is, whether the imputation of *ignorance* in a particular cause be actionable. It is not an ignorance generally in his profession, but in the particular cause, the facts in which might be intricate and obscure, so as to render it difficult or impossible for the plaintiff to understand them.

Again, the intention of the speaker must be taken from the subject matter, which was the suit. And how are the court to know that it involved any legal question, or that the charge of ignorance in regard to that suit imputed any want of legal knowledge in the plaintiff? But admitting that the words were spoken of his professional character, they do not belong to any class of words

NEW-YORK,
May, 1811.

FOOT
v
BROWN.

* 6 *Bacon's Abr.*
(G.) 3 *Wils.*186.
2 *Term Rep.*
475.

† *Cro. Jac.*
331. 4 *Co.*13. 19.
*Cro. Car.* 328.
510. *Yelv.* 144.
154. 1 *Roll Abr.*
70. pl. 47. & 51.
71. pl. 55, 56.
*Cro. Eliz.* 541.
2 *Mod.* 152.
*Hob.* 331.

NEW-YORK,
May, 1811.

FOOT
v.
BROWN.

from which the the law implies legal damage. The law does not imply damages, unless they necessarily result from the act complained of, or the nature of the words spoken.* Words to be actionable must be unequivocally so. The old rule that " all words which tend to disparage a man in his trade or profession are actionable," is too vague, and is not correct. According to this, *all comparisons* between professional men would be actionable.

The cases in which it has been held that an action lies for words reflecting disgrace on a man in his trade or profession, may be divided into three classes. 1. Where the words charge the person with a want of fidelity or integrity in his trade or profession generally; as to say of a lawyer, he is a common barrator.† 2. Where the words charge a person with dishonesty, corruption or want of integrity in a particular case.‡ 3. Where the words impute ignorance or want of skill in general terms.§

No fourth class of cases can be found, in which words are held actionable which charge a person with ignorance, or want of professional knowledge or skill in a particular case. The case of *Martyn* v. *Burlings*¶ may, at first view, appear to belong to such a class; but if examined, it will be found to be clearly a case of the third class; and all doubt is removed by a subsequent decision of the same court in *Poe* v. *Mendford*,** in which it was held not actionable to say of a physician, that he killed his patient with medicine, unless he is also charged with having done it knowingly and wilfully. The same distinction between words spoken of a person generally in his trade or profession, and words charging him with ignorance or want of skill, in a particular instance, is taken by the chancellor in *Backus* v. *Richardson*,†† and is fully recognised in *Harman* v. *Delany*,‡‡ as reported by *Fitzgibbon*, which case is loosely reported by *Strange*; and it reconciles the case of *Redman* v. *Payne*§§ with *Lancas*-

* 1 Chit y's Pl. 386. Hetley 70.

† 4 Rep. 16. Hetley 107. 1 Lev. 115. Ld. Raym. 147. 1 Roll. Abr. 52, 53. Cro. Car. 460. Cro. Eliz. 171 1 Roll. Abr. 57. pl. 57. 2 Ven. 28 Roll. 53. pl. 5. Roll. 60. pl. 10. Roll. 62. pl. 23. Winch. 41.

§ 1 Roll. Abr. 54. pl. 14. Cro. Car. 382. Ld. Raym. 196 1 Sid. 327. Winch. 40. 3 Wils. 59. 186. 11 Mod. 221. Cro. Car. 270. Lopham, 207. Str. 1138.

¶ Cro. Eliz. 589.

** Cro. Eliz. 620.

†† 5 Johns. Rep. 483.

‡‡ Fitzgib. 121 2 Str. 898. S. C.

§§ 1 Mod. 19.

*ter* v. *French.** The same distinction was also taken by *Atkins*, J. in the case of *Townsend* v. *Hughes*.†

The doctrine, as derived from all these cases, is this : Where the words spoken charge a person with want of *fidelity* or *ability*, generally, in his trade or profession, they are actionable ;† but if they relate merely to a particular case, the charge of want of ability is not actionable. But to charge a man with want of *integrity*, in a particular instance, is actionable. The reason of the distinction is obvious. The charge of dishonesty or want of integrity in any case must be injurious. Dishonesty is a violation of the oath taken by the attorney, as well as a breach of moral duty. But if a man acts honestly, to the best of his knowledge or ability, in the case intrusted to him, the charge of want of skill or ability, in a single instance, is neither disgraceful nor injurious.

*Foot*, contra. On a motion in arrest of judgment, the court cannot look beyond the record. The jury have found the intent and meaning of the words as laid in the declaration. It is unnecessary to go into an examination of the numerous and contradictory decisions on this subject. Any words spoken of a man in his profession, which are calculated to destroy the confidence of those who employ him, are actionable, and the law implies damage from the nature and tendency of the words spoken.

*Henry*, in reply, observed, that where no special damage was alleged, to render words actionable, they must be so in themselves, or not susceptible of a harmless sense. This is a principle which runs through all the cases. The charge of ignorance must be general, as to his profession, or they must impeach his integrity. To say of a lawyer, he does not understand his profession, because he cannot levy a *fine;* or of a mathematical instrument maker, that he does not understand his

NEW-YORK,
May, 1811.

Foot
v.
Brown.

* 2 *Mod.* 163.
† 2 *Str.* 794.

NEW-YORK,
May, 1811.

FOOT
v.
BROWN.

business, because he cannot construct an *orrery*, is not actionable ; though if special damage could be shown, that might furnish ground for a special action.

*Per Curiam.* The words, as laid, only go to charge the plaintiff with ignorance or want of skill in the particular ejectment suit mentioned; and such charge is not actionable without laying and proving special damages. If a suit would lie for these words, it would lie for saying that a physician did not understand the nature of the disease of a particular patient. Such a charge does not affect the party generally in his profession, and therefore the law will not give a remedy. In the case of *Poe* v. *Mendford, (Cro. Eliz.* 620 ) the defendant charged the plaintiff with *h ving k'lled a patient with physic,* and the court held that the words were not actionable, for the plaintiff might have done it involuntarily, in not knowing the disease; and that a physician might mistake a disease and apply wrong medicines, without discredit. The law only gives an action for words that affect a man's credit in his profession, as charging him with ignorance or want of skill in general, or a want of integrity either in general, or in particular. The cases cited by the defendant's counsel all proceed upon this principle. There is not an instance in the books, which we have met with, of a suit sustained for words charging a professional man with ignorance in a *particular* case. To carry the right of action so far would be unnecessary for the protection of any profession, and would be an unreasonable check upon the freedom of discussion. There is no physician, however eminent, who is not liable to mistake the symptoms of a particular disease; nor any attorney who may not misunderstand the complicated nature and legal consequences of a particular litigation. The additional words added in this case, that " *the plaintiff would lead the party on to ruin,*" were a consequence of his ignorance of that particular case, and a deduction

from that assumed fact. Taken in connection with the preceding words, they were equally inoffensive. There being no special damages averred in this case, the judgment ought to be arrested.

Judgment arrested.