## N. Y. COMMON PLEAS.

THOMAS B. GUNNING agt. WILLIAM H. APPLETON, JOHN A. APPLETON, DANIEL S. APPLETON and WM. W. APPLETON.

*Libel — Complaint — Demurrer — Language which is not defamatory on its face — Actionable quality of words may be tested by demurrer.*

As applied to one in a professional character, the language that is claimed to be actionable, *per se*, must "touch him" in that profession.

Where the complaint alleged that plaintiff, for nearly forty years past, has been, and still is, a practicing dental surgeon, and was of good name, fame and credit in such profession; that the defendants maliciously published, concerning plaintiff, in their said journal, a certain article, containing many detractive mistatements, and especially the false and defamatory matter following, to wit: "The late William H. Seward, when traveling around the world, and when at Tokohama, Japan, required the services of a dentist.  Upon examination, it was found that the inferior maxilla was comparatively useless for masticating purposes, there being a false joint at the seat of the original fracture, no union having taken place.  This case will be remembered, from the world-wide notoriety of the circumstances attending the injury, as well as the reports, which have been universally believed, that the patient was benefited by the treatment he received for the cure of his fracture."

*Held,* That the language is not defamatory on its face.  It assumes to give an account of a circumstance in which many others besides plaintiff may be presumed to have had an interest.  He is not therein

referred to personally, or as one of a class. It is not alleged that no subsequent cure was effected, or that he was under treatment prior to the examination mentioned.

*Held*, also, that the allegations in the complaint, following the statement of the publication claimed to be libelous, can only be regarded as innuendoes to explain, not to extend the meaning of such publication.

*Held*, further, that no malice is presumable from the publication in question, and no right of action has accrued to plaintiff therefrom.

To impute to a professional man ignorance, or want of skill, in a particular transaction, is not actionable. To be actionable, words of that character must be spoken or written of him generally.

In an action for libel, the defendants have a right to test the actionable quality of the words by demurrer, and to that extent only is their pleading to be construed as an admission of the allegations of the complaint.

*General Term, April,* 1880.

*J. E. Crowly*, for appellant.

*Douglas Campbell*, for respondent.

LARREMORE, *J.* — The plaintiff sues to recover $25,000 damages from the defendants, who compose the firm of D. Appleton & Co., for an alleged libel published in the New York Medical Journal, of which the defendants are and were the publishers and proprietors. He avers, in his complaint, that for nearly forty years past he has been and still is a practicing dental surgeon, and was of good name, fame and credit in such profession. That on or about March 1, 1879, the defendants maliciously published, concerning plaintiff, in their said journal, a certain article containing many detractive misstatements, and especially the false and defamatory matter following, to wit:

"The late William H. Seward, when traveling around the world, and when at Yokohama, Japan, required the services of a dentist. Upon examination it was found that the inferior maxilla was comparatively useless for masticating purposes, there being a false joint at the seat of the original fracture, no union having taken place."

" This case will be remembered from the world-wide notoriety of the circumstances attending the injury, as well as the reports, which have been universally believed, that the patient was benefited by the treatment he received for the cure of his fracture."

Plaintiff, by way of innuendo, in said complaint further alleges as follows :

" The said late Wm. H. Seward suffered during his life an injury to his lower jaw, whereby the same was fractured, and said fracture was treated for the cure thereof by this plaintiff, and this plaintiff had sole charge and care, professionally, of such treatment. The result of said treatment was that the said lower jaw was so restored as to be used efficiently by the patient, and the said treatment by this plaintiff resulted in a successful cure of said fracture, and both in and out of this plaintiff's profession the result of the said treatment has enhanced this plaintiff's reputation and standing as a dental surgeon.

" The said treatment and cure have received great attention both in this country and elsewhere, and this plaintiff has publicly and privately reported that the said William H. Seward was benefited by the treatment he received for the cure of said fractures, which treatment was under the sole professional charge of this plaintiff.

" That the reports of said treatment and cure, referred to in the publication above set forth, were prepared and disseminated by this plaintiff, and at the time of said publication, the said defendants knew that said reports were so prepared and disseminated by this plaintiff.

" That the said defendants, in and by said publication, charged and intended to charge this plaintiff with falsely and fraudulently claiming and reporting that the said Seward was benefited by the treatment he received from this plaintiff as a dental surgeon, for the cure of the said fractures.

" The said publication was false and defamatory, and calculated to, and did, seriously injure this plaintiff in his reputa-

tion, good name and credit, and by reason thereof this plaintiff's practice as a dental surgeon is seriously impaired, and his professional reputation, good name and credit are materially injured, to his damage $25,000."

There was a general demurrer to the complaint, which was sustained, and judgment entered thereon in defendant's favor, from which plaintiff appeals.

Our Code of Practice has greatly abridged the requirements of the common-law pleadings in actions of this nature. Section 535 of the Code of Civil Procedure provides that in an action for libel or slander it shall not be necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arises, but it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff, and, if such allegation be controverted, he shall be bound to establish the same on the trial. But when the language published is not actionable *per se*, " and becomes so only by reference to extrinsic facts, the existence of those facts must be alleged in the complaint" (*Townsend on Slander and Libel*, sec. 310 *and cases there cited*).

In my judgment the language upon which this action is founded is not defamatory on its face. It assumes to give an account of a circumstance in which many others besides plaintiff may be presumed to have had an interest. He is not therein referred to personally or as one of a class. A fair criticism of the alleged libel would convey the idea that Mr. Seward, when at Yokohama, was examined by a dentist who discovered that the fracture Mr. Seward had sustained was not then cured. It is not alleged that no subsequent cure was effected, or that he was under treatment by plaintiff prior to the examination had at Yokohama. All that can be claimed, as against the defendants, is that they published as a fact that which the examination disclosed, namely, that the "reports which have been universally believed that the patient was

benefited by the treatment he received for the cure of his fracture " were erroneous.

The plaintiff has not attempted to cover this point by a *colloquium* showing the extrinsic fact that the language used had reference to any period of time subsequent to that of the examination previously mentioned.

The allegations in the complaint following the statement of the publication claimed to be libelous can only be regarded as innuendoes to explain, not to extend the meaning of such publication ( *Watson* agt. *Nicholas*, 6 *Humph.*, 174 ; *Beardsley* agt. *Tappan*, 1 *Blatch. C. C.*, 588 ; 1 *Stark on Slander*, 418 ; *Van Vechten* agt. *Hopkins*, 5 *Johns.*, 220 ; *McClaughy* agt. *Wetmore*, 6 *Johns.*, 83 ; *Thomas* agt. *Crosswell*, 7 *Johns.*, 271 ; *Weed* agt. *Bibbins*, 32 *Barb*, 315 ; *Townsend on Slan. and Lib.*, sec. 336 *and cases cited ; Fay* agt. *Bennett*, 5 *Sand.*, 54).

As applied to one in a professional character the language that is claimed to be actionable *per se* must, in the phraseology of the books, " touch him " in that profession ( *Van Tassel* agt. *Capron*, 1 *Denio*, 250).

Furthermore there is no general imputation of ignorance or want of skill in the pleading before us, and a charge of professional ignorance or incapacity in a particular transaction, even if such could here be inferred, would not be actionable ( *Garr* agt. *Selden*, 6 *Barb.*, 416 ; *Camp* agt. *Martin*, 23 *Conn.*, 86 ; *Dunn* agt. *Anderson*, 3 *Bing.*, 88). The defendants had a right to test the actionable quality of the words by demurrer ( *Wood* agt. *Brown*, 6 *Taunt.*, 169), and to that extent only is their pleading to be construed as an admission of the allegations of the complaint.

After a careful consideration of the whole scope and object of the publication, which were germane to the legitimate purposes of a medical journal, I am of opinion that no malice is presumable from the publication in question, and that no right of action has accrued to plaintiff therefrom.

The judgment appealed from should be affirmed.