## TWIGGAR v. OSSINING PRINTING & PUBLISHING CO.

(Supreme Court, Appellate Division, Second Department.   March 20, 1914.)

1. LIBEL AND SLANDER (§ 12*) — ACTIONABLE WORDS — UNSKILLFULNESS IN CALLING.

A publication that plaintiff, a dentist, had been sued for alleged negligent services, causing the patient to spend money for physicians and surgeons as result of the "unskillful and negligent" way in which the dental work was done, and that plaintiff therein alleged certain damages as a result of the "unskillful" dental work, charged only unskillfulness or ignorance in a particular case, and, in the absence of a showing of special damages, was not actionable.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 97; Dec. Dig. § 12.*]

2. LIBEL AND SLANDER (§ 12*)—ACTIONABLE WORDS—GENERAL UNSKILLFULNESS IN CALLING.

The rule that a charge of ignorance or want of skill of a dentist, etc., in a particular case is not actionable without special damage is subject to the limitation that such words may, in themselves, imply unskillfulness or general ignorance in such calling.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 97; Dec. Dig. § 12.*]

3. LIBEL AND SLANDER (§ 89*)—PLEADING—SPECIAL DAMAGES.

Where a publication is not libelous per se, only special damages are recoverable, so that they must be pleaded.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 213, 214; Dec. Dig. § 89.*]

Appeal from Special Term, Westchester County.

Action by Albert W. Twiggar against the Ossining Printing & Publishing Company. Demurrer to complaint overruled, and defendant appeals. Reversed, with leave to plaintiff to amend.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Frank L. Young, of Ossining, for appellant.

T. G. Barnes, of Ossining, for respondent.

JENKS, P. J. [1] The action is libel. The defendant's demurrer that the complaint did not state sufficient facts to constitute a cause of action should have been sustained. The complaint is that Carpenter began an action against this plaintiff for negligent services as a dentist, laying his damages at $1,000, in which this plaintiff answered by denial; that issue was joined; that the cause was noticed for trial and a note of issue was filed, but that the cause had not been reached for trial; and that the defendant thereupon, in a specified issue of its newspaper—

"seeking to injure the plaintiff, and especially to injure him in his profession and means of livelihood, and without stating the full facts, maliciously published the following partially false and libelous article of and concerning the plaintiff: 'White Plains, N. Y., July 26.—Suit against a dentist for alleged negligent services, causing the patient to spend over $200 with physicians and surgeons as a result of the "unskillful and negligent" way in which dental work was done, was entered, to-day, in the Supreme Court of this county,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against Dr. Albert W. Twiggar, of Ossining, by J. Herbert Carpenter, Jr., of the same village. Mr. Carpenter alleges that in October, 1912, he went to Dr. Twiggar to have a root removed, and that, as a result of the "unskillful" work of the dentist, three second teeth were exposed, a cavity was caused in the roof of his mouth, and he was afflicted with a disease of the gums and jaw. He sues to recover $5,000 damages.' "

In Foot v. Brown, 8 Johns. 64, 66, it was decided that a charge of ignorance or want of skill of a lawyer in a particular case was not actionable, in the absence of pleading and of proving special damages. The opinion is per curiam but the possibility, if not the probability, is that it was prepared by Kent, Ch. J. See Memoirs of Chancellor Kent, by William Kent, p. 118. This rule has been affirmed in Tobias v. Harland, 4 Wend. at page 541; in Lynde v. Johnson, 39 Hun, 14; in Mattice v. Wilcox, 147 N. Y. at page 631, 42 N. E. 270; in Battersby v. Collier, 34 App. Div. 347, 54 N. Y. Supp. 363; in Outcault v. N. Y. Herald Co., 117 App. Div. 534, 102 N. Y. Supp. 685; in Gunning v. Appleton, 58 How. Prac. 471, and in other cases.

[2] This rule is subject to the limitation that words, although directed to a single case, may, in themselves, imply general unskillfulness or general ignorance in the calling. Compare Sumner v. Utley, 7 Conn. 257, and Camp v. Martin, 23 Conn. 86; see Cruikshank v. Gordon, 118 N. Y. 183, 23 N. E. 457; Folkhard's Starkie on Slander and Libel, Wood's Notes, § 88. I think that the words in this case are within the rule. See Gunning v. Appleton, supra.

[3] If the publication was not libelous per se, only special damages are recoverable, and these must be pleaded. Foot v. Brown, supra; McNamara v. Goldan, 194 N. Y. 315, 87 N. E. 440. If not, then such defect is open to general demurrer. Reporters' Ass'n v. Sun Printing & Pub. Ass'n, 186 N. Y. 437, 79 N. E. 710; Fagan v. N. Y. Evening Journal Pub. Co., 129 App. Div. 28, 113 N. Y. Supp. 62; Langdon v. Shearer, 43 App. Div. 607, 60 N. Y. Supp. 193; Gunning v. Appleton, supra.

The order must be reversed, with $10 costs and disbursements, and the demurrer sustained, with costs, with leave to the plaintiff to plead within 20 days. All concur.