MEYER KRAUSHAAR, Plaintiff, *v.* R. CRAIG LA VIN, Defendant.

Supreme Court, Special Term, Queens County, May 25, 1943.

*Leo E. Sherman* for defendant.

*Kraushaar & Kraushaar.* for plaintiff.

COLDEN, J. The defendant challenges the legal sufficiency of the plaintiff's complaint in an action brought to recover damages for alleged slander.

The plaintiff is a member in good standing of the Bar of the State of New York. He charges that he has been " injured in his good name, fame, credit and reputation, both as a man and as a lawyer, \* \* \* " by the following false and malicious utterances on the part of the defendant in the presence of a third person, on or about the 1st of August, 1942:

" We had an arrangement with Edwin whereby from J. C. La Vin Co. Edwin received $200 a month from the J. C. La Vin Co. and he lived at the Sanford Hotel against his profits. We sent Mr. Michel to see Mr. Kraushaar to offer a bonus to Edwin of $2500 immediately because we knew he needed money. We want to give him $2500 out of the Sanford Hotel profits against his share at the present time and we are not ready to figure up things now because we are busy, but Mr. Kraushaar is unethical."

" Well, I looked him up in several places and I was told that he would take any case for a fee and he figured there is big money here and he won't let Edwin accept the $2500 now because he thinks if he waits there will be big money here and he will then be able to get a big fee. We offered Edwin, through Mr. Kraushaar, the same $200 a month from the La Vin Co. and a $2500 bonus against his profits in the Sanford Hotel, but Mr. Kraushaar is unethical and he won't let Edwin accept it."

The defendant urges that the use of the word " unethical " does not render the statements above referred to slanderous *per se;* that the plaintiff has confused the " code of ethics ", which regulates the conduct of lawyers and has significance within the profession, with the term " ethics " which in the ordinary sense does not have that significance unless clearly intended to impute improper or reprehensible conduct.

The court cannot agree with this point of view. The word " ethical " is defined in Webster's New International Dictionary (2d ed.) as follows: " Of or relating to moral action, motive, or character; as, ethical emotion; also, treating of moral feelings, duties or conduct; containing precepts of morality; moral." The secondary definition is " professionally right or befitting; conforming to professional standards of conduct." In the same dictionary the word " unethical " is defined as " not ethical; hence, *Colloq.* not according to business or professional standards." Thus in both the primary and secondary meanings, the underlying concept of the word " ethical " is moral or proper conduct and character. " Legal ethics " is defined in Ballentine's Law Dictionary (1930) as " the usages and customs among members of the legal profession involving their moral and professional duties toward one another, toward their clients and toward the courts ", and in Black's Law Dictionary (3rd ed.) as " that branch of moral science which treats of the duties which a member of the legal profession owes to the public, to the court, to his professional brethren, and to his client."

A person licensed to practice law must conform not only to the standards of ethical conduct generally but also to the professional standards of conduct which from time immemorial have characterized the legal profession. The latter are, in part, embodied in the Canons of Professional Ethics adopted in this State by the New York State Bar Association but, as stated in the introductory paragraph of the Canons, " the enumeration of particular duties should not be considered as

a denial of the existence of others equally imperative, though not specifically mentioned." (McKinney's Cons. Laws of N. Y. Annotated, Book 29, Judiciary Law, p. 659.)

" Membership in the bar is a privilege burdened with conditions." (*Matter of Rouss*, 221 N. Y. 81, 84.) " There are four phases of qualifications for admission to the bar: (1) Academic training; (2) legal training; (3) moral character; (4) belief in the form of and loyalty to the government of the United States." (*Matter of Brennan*, 230 App. Div. 218, 219.) Upon admission the lawyer becomes " an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice." (*People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465, 470, 471.) In short, " the practice of law is not a business open to all, but a personal right, limited to a few persons of good moral character, with special qualifications ascertained and certified after a long course of study * * *." (*Matter of Cooperative Law Co.*, 198 N. Y. 479, 483.) Because of the nature of the duties performed by the lawyer moral character and general fitness are as essential after admission as " at the moment of admission " and in disciplinary proceedings " the examination into character is renewed." (*Matter of Rouss, supra*, pp. 84, 85.) It is therefore obvious that to call a lawyer " unethical " is to impugn his fitness to continue to practice his profession.

It has been held that where " the charge deals with the office, trade, occupation, business or profession of the plaintiff " it is slanderous *per se*. (Seelman on New York Law of Libel and Slander, p. 612; *Nunan* v. *Bullman*, 256 App. Div. 741.) Here there can be no doubt that the language used by the defendant concerns the plaintiff in his professional character as an attorney and not otherwise and tends directly to prejudice or injure him in his professional capacity, and is therefore slanderous *per se*. (*Kleeberg* v. *Sipser*, 265 N. Y. 87.)

The case of *Foot* v. *Brown* (8 Johns. 64) cited by the defendant in support of his position is not decisive of the question presented here. There the court held that it was not slander *per se* to say of a lawyer that he " knows nothing of the suit and he will lead you on until he has undone you." The Court of Appeals in *Mattice* v. *Wilcox* (147 N. Y. 624) said of the *Foot* case, at page 631, " the words used by the defendant only charged plaintiff with negligence or want of skill in the particular ejectment suit mentioned, and such a charge was held to necessitate an allegation and proof of special damage to render it actionable." It then added that where words refer

to a plaintiff's " general incompetency as a physician or lawyer
\* \* \* it would seem as if there could be no fair doubt that
such words would be actionable *per se.*" If that is so where the
charge is general incompetency, how much more aggravating is
it to call a lawyer unethical in his professional character, as
is the case here; there is then a clear imputation that the lawyer
has willfully and deliberately violated the ethics of the pro-
fession by which he was bound upon his acceptance, and which
he must adhere to as one of the conditions for his continuance
therein. As said in *Sanderson* v. *Caldwell* (45 N. Y. 398, 405):
" \* \* \* When the words spoken have such a relation to
the profession or occupation of the plaintiff that they directly
tend to injure him in respect to it, or to impair *confidence in
his character* or ability, when, from the *nature* of the business,
*great confidence* must *necessarily* be reposed, they are action-
able \* \* \*." (Italics supplied.)

Accordingly the defendant's motion is denied with leave to
serve his answer within ten days of the service of the order to
be entered hereon. Submit order.