CHARLES S. TRACY, Respondent, *v.* WM. J. KLINE & SON, INC.,
Appellant.

Third Department, July 7, 1948.

*Taylor & Grammer* for appellant.

*Borst & Smith* for respondent.

DEYO, J.  This is a libel action brought by the District Attorney of Montgomery County against a newspaper publisher and stems from the publication of two allegedly defamatory articles which appeared in the *Amsterdam Evening Recorder and Daily Democrat* on April 21 and 23, 1947.

At the outset it must be borne in mind that upon a motion to dismiss a complaint for failure to state a cause of action, only the sufficiency of the allegations contained in the complaint itself, which are to be treated as established facts, may be considered. (*Scholen* v. *Guaranty Trust Co.*, 288 N. Y. 249.)  Affidavits and other extraneous matters have no bearing whatsoever. (*North*

v. *City of Cohoes,* 262 App. Div. 932, appeal dismissed 291 N. Y. 726.) Moreover, on a motion of this kind in a libel action, the court is not concerned with the ultimate outcome of the action, but only whether by any reasonable view the words used are capable of a defamatory meaning. (*Hoeppner* v. *Dunkirk Printing Co.,* 254 N. Y. 95, 105.) If a reasonable basis exists for such an interpretation, then it becomes the jury's function to decide whether that was the sense in which the words were likely to be understood by the ordinary and average reader. (*Mencher* v. *Chesley,* 297 N. Y. 94, 100.)

The April 21st article, which furnished the basis for the first cause of action, was to the effect that a petition had been filed with the Governor, seeking the reopening of a certain criminal case in which the plaintiff had acted and which involved one Kearns. The article stated in part, " The petitioners through their attorney asked the Governor to supersede the District Attorney of Montgomery County, Charles S. Tracy, and name a ' competent lawyer to conduct a thorough investigation of the entire matter, to the end that John J. Kearns may be properly tried.' " The right to petition is granted by section 9 of article I of the State Constitution and the exercise of such right can scarcely be held to constitute a basis for a libel suit. The quoted portion of the petition itself is entirely innocuous. The request was that a " competent lawyer " be named " to the end that John J. Kearns may be properly tried ". Certainly the petitioners could not ask for less. Such request is incapable of the libelous interpretation urged by the respondent.

The article of April 23rd, upon which the second cause of action is based consists of a statement by Attorney James D. Curry, and constitutes a criticism of the manner in which the *Kearns* case was handled. The complaint picks certain paragraphs from the article, and by separate innuendoes alleges that such paragraphs charge the plaintiff with incompetency and dereliction in his duties.

A plaintiff may not enlarge upon the language used, by innuendo (*Hays* v. *American Defense Society,* 252 N. Y. 266), and the entire article must be read in construing it. (*Kloor* v. *New York Herald Co.,* 200 App. Div. 90.) Statements which constitute fair and honest criticism of the acts of a public official in a matter of public interest are not libelous unless they are written maliciously. (*Hall* v. *Binghamton Press Co.,* 263 App. Div. 403, affd. 296 N. Y. 714.) Where it appears upon the face of the complaint that the matter was of public

interest, then the law of fair comment may be applied on a motion to dismiss the complaint, while if the alleged libelous words are set forth without the setting or occasion for their utterance, the fact that they were written as criticism and comment on a matter of public interest must be set forth in the answer as a defense. (*Hoeppner* v. *Dunkirk Printing Co.*, 254 N. Y. 95, 100, *supra.*) Here the complaint definitely establishes that the matter was of public concern and that the statement complained of constituted criticism of the plaintiff in his official position. An examination of the article as a whole and an analysis of the particular paragraphs complained of, foreclose as a matter of law, the defamatory meaning urged by the plaintiff.

It appears that on the day set for the trial of Kearns on criminal charges, for which he had been indicted, the County Judge committed him to the custody of his son, to be delivered to an out-of-State institution for the mentally ill, and by reason of such commitment he was not brought to trial on the charges made against him. Apparently, in answer to some previous statements of the plaintiff, the article complained of comments on the fact that neither the plaintiff nor the County Judge quoted the section of the law granting authority for such action. The article then asks why Kearns has not been tried and when such trial will be had. Such statements are clearly innocuous and do not warrant the implication and interpretation given them by the innuendo. It is then stated as a matter of opinion, that the County Judge had no authority to commit Kearns to an out-of-State institution and that the plaintiff " as a competent attorney, should have known of this fact and as District Attorney should have objected to such a commitment, and demanded that the case be tried." An examination of the Mental Hygiene Law, and particularly sections 70 and 74 thereof, raises grave doubts as to the propriety of the commitment, but be that as it may, there is nothing libelous in an expression of an opinion in the matter which does not exceed the limits of fair comment. The article next expresses an interest in seeing to it, " that the County Judge and the District Attorney properly perform the duties which they assumed when they voluntarily accepted public office to the end that justice be done." Of course, it may be inferred therefrom, that to the author's mind these officials have not done their duty. One of the most cherished prerogatives of a free people is the right to criticise, and to criticise freely the acts of their public functionaries.

(*Hamilton* v. *Eno*, 81 N. Y. 116, 126.) The comment herein complained of was based on facts, truly stated, and contained no imputation of corrupt or dishonorable motives. As such, it constituted an honest expression of opinion and is not actionable.

It is next stated that after the petition had been filed with the Governor the *Kearns* case suddenly " became alive again." By no reasonable interpretation is such language susceptible of the defamatory meaning ascribed to it. " Mere exaggeration, slight irony or wit, or all those delightful touches of style which go to make an article readable, do not push beyond the limitations of fair comment." (*Briarcliff Lodge Hotel, Inc.,* v. *Citizen-Sentinel Publishers, Inc.,* 260 N. Y. 106, 118.)

The article concluded with an expression of belief that the Governor would " see that once again justice prevails in Montgomery County." Fairly interpreted that statement carries with it the inference that justice had not been done. The facts as stated furnish a basis for such a belief, but even if they had not, it is scarcely libelous to express such an opinion. If it were to be so considered, hardly any disappointed litigant who was to any degree articulate, would be safe from a libel action. The motion to dismiss the second cause of action should be granted.

The orders denying the defendant's motion to dismiss the first and second causes of action and the complaint as a whole should be reversed on the law and the complaint dismissed, without costs. The appeal from the order denying the motion to strike certain allegations from the complaint should be dismissed.

HILL, P. J., HEFFERNAN, BREWSTER and FOSTER, JJ., concur.

Orders denying defendant's motions to dismiss the first and second causes of action and the complaint as a whole are reversed, on the law, and the complaint dismissed, without costs.

The appeal from the order denying the motion to strike certain allegations from the complaint is dismissed.