Miles F. McDonald, J.
Defendant moves pursuant to subdivision 4 ol rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.
This action was instituted by a medical doctor for damages resulting* from an alleged libel. Two alleged causes of action are stated, the first against the Group Health Insurance Incorporated and Arthur A. Fischl, its medical director. The gravamen of the first cause of action consists of an alleged libelous letter written by Ralph C. Hyatt, the claims manager, on behalf of the defendant corporation and mailed to Anthony Napoli, a patient of the plaintiff and a subscriber to the corporate defendant’s insurance program. It appears that in the months of June and July, 1957 the plaintiff rendered service to his patient Napoli, as a result of which Napoli mailed a claim to the corporate defendant seeking payment to the plaintiff for the professional services rendered to him. On July 25, 1957 *339the corporate defendant, in a letter prepared and dictated by the defendant Hyatt, its claims manager, wrote to the plaintiff’s patient and forwarded a copy of the letter to the plaintiff in form as follows (underscoring ours):
July 25, 1957
Mr. Anthony Napoli 1633 79 Street
Brooklyn 14, N. Y. Re: SS #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
LG-64852
Dear Mr. Napoli:
We acknowledge receipt of the claim form completed by you and Dr. Hirsehhorn in connection with services rendered at your home and at the doctor’s office from June 25,1957, to July 8, 1957.
Inasmuch as your GHI Contract specifically excluded coverage for services not required in accordance with accepted standards of medical practice, we are unable to consider payment for Dr. Hirschhorn’s services in this instance.
I regret our inability to be of further service to you at this time.
Very truly yours,
Ralph C. Hyatt
Claims Manager.
The second cause of action against the corporate defendant and Arthur A. Fischl is based upon a second letter sent only to the plaintiff in form as follows:
August 7, 1957
Arthur A. Fischl, M.D.
Medical Director George W. Meleher Jr., M.D.
Assistant Medical Director Dr. M. L. Hirsehhorn 5601 —13th Ave.
Brooklyn, N. Y. Re: ANTHONY NAPOLI
S.S. NO. 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
I believe there is some misunderstanding on both your side and perhaps our side in the treatment of Mr. Anthony Napoli. We regret that the copy of our letter was inadvertently sent to your patient and such is not our usual procedure.
It is never the intention of GHI to tell a doctor how to treat a patient. Our contractual obligations limit us to the accepted standard of medical care. Where there is any deviation from this procedure and this finding is confirmed by a consultant’s opinion, the obligation for payment for these services rests upon the subscriber. In this particular instance, Dr. Drexler’s opinion was taken and we are abiding by his thought that the patient should be observed at intervals of about three months for his urinary condition.
If there are any problems that you would like to discuss with me, please feel free to call me.
Sincerely,
/s/ Arthur A. Fischl
AAF: hm Arthur A. Fischl, M.D.
*340There is no allegation of special damages and upon this motion it is the plaintiff’s contention that the alleged defamatory words are libelous per se and proof of special damage is not required. With this point of view the court is unable to agree. Certainly the words complained of cannot be said to expose the plaintiff ‘ ‘ to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community”. (Mencher v. Chesley, 297 N. Y. 94, 100.) Plaintiff contends, and correctly so, that even if the alleged libelous words do not fulfill the requirements above set forth they may still be libelous per se if they tend to “ disparage a person in the way of his office, profession or trade.” (Nichols v. Item Pubs., 309 N. Y. 596, 601, and cases cited.) However, every criticism of a person’s professional activity is not necessarily libelous per se.
In determining the effect of an alleged defamatory publication the language must be given its ordinary and usual meaning in connection with the setting in which it is found (Curtis v. Argus Co., 171 App. Div. 105; Balabanoff v. Hearst Consolidated Pubs., 294 N. Y. 351, 355). The words “ accepted standards” would be understood by the ordinary person as a synonym for “usual methods ” and accordingly the most that the letter charges is that the treatment was not needed under the customary methods of practice. There is nothing therein to impute that the unconventional treatment was performed incompetently, ignorantly or with lack of skill or that such treatment was ineffective. However, assuming arguendo that such language does impute want of skill, lack of judgment or error, at most it is an imputation of mistake in a single case and is not libelous per se (Twiggar v. Ossining Print. & Pub. Co., 161 App. Div. 718; Smith v. Staten Is. Advance Co., 276 App. Div. 978; Blende v. Hearst Pub., 200 Wash. 426, 430-432). The rule is aptly stated in volume 3 of the Restatement of the Law of Torts (§ 569, subd. e) as follows: “ Thus, to constitute a libel it is enough that the defamatory utterances impute any misconduct whatever in the conduct of the other’s calling. The charge of a single act of misconduct may be sufficient to support an action for libel, although such a charge does not necessarily imply that want of skill, learning or competence which the public reasonably demands of those who carry on a trade, business, or profession and thus would not be actionable per se as slander ’ ’.
The philosophical basis which makes unnecessary pleading-special damages in cases of libel per se is based upon the fact that the words themselves were of such serious import that anyone reading them would recognize at once that damage would *341come to the person concerning whom they were spoken. The words complained of here have no such import. If the words spoken of the plaintiff have resulted in damage to him, he may plead the damage and establish it on the trial of the action. Accordingly the motion to dismiss the complaint is granted with leave to plaintiff to serve an amended complaint, if he be so advised, within 20 days after service of the order to be entered hereon with notice of entry thereof.
Settle order.