William J. Sullivan, J.
This motion pursuant to rule 3211 (subd. [a], par. 7) of the Civil Practice Law and Rules to dismiss the complaint for failure to state facts sufficient to constitute a cause of action, is granted.
The action is for damages allegedly resulting from the publication by the defendants in the ‘£ Life ’ ’ magazine of a libelous article. Annexed to and incorporated in the complaint is a copy of the article. Titled ‘ ‘ Some Idiots Afloat ’ ’ the article is composed of about eight pictures of persons using boats, printed commentary concerning each of the pictures, and a brief statement concerning the lack of care by many persons now using boats. No names of the individuals shown in the *199 various pictures are given but the plaintiff claims he is the individual at the tiller of a small boat (in which there are four other persons) on page 64 of the magazine article. Under the picture are the words ‘1 Bub-a-dub dub, too many in a tub ’ ’.
The complaint does not allege that the plaintiff suffered any special damages as a result of the picture — an allegation in round figures that the plaintiff has sustained damage in the sum of $500,000, ‘1 with no attempt at itemization, must be deemed to be a representation of general damages ” (Drug Research Corp. v. Curtis Pub. Co., 7 N Y 2d 435, 441). Absent an allegation of special damages the complaint must be dismissed unless the article is libelous per se (Reporters’ Assn. of America v. Sun Print. & Pub. Assn., 186 N. Y. 437).
In determining whether the article is libelous per se it is well to consider a recent definition of a libel — “ A writing is defamatory— that is, actionable without allegation or proof of special damage — if it tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community, even though it may impute no moral turpitude to him ” (Mencher v. Chesley, 297 N. Y. 94, 100). While the plaintiff alleges that the publication has held him up to “ scorn, infamy, hatred, degradation, aversion, ridicule, contempt and indignity” (par. “ Twelfth”, complaint) as stated in Tracy v. Newsday (5 N Y 2d 134, 136), “It is for the court, however, to decide whether a publication is capable of the meaning ascribed to it ”.
Examination of the entire article satisfies the court that the subject article is not libelous per se — that it is not “ reasonably susceptible of any defamatory meaning” (Greyhound Securities v. Greyhound Corp., 11 A D 2d 390, 392).
At most the plaintiff, together with some of the others whose pictures are shown, are charged with acts of carelessness. To charge even a professional man with ‘ ‘ ignorance or mistake on a single occasion only and not accusing him of general ignorance or lack of skill cannot be considered defamatory on its face ” (November v. Time, 13 N Y 2d 175, 178); or as stated in Twiggar v. Ossining Print. & Pub. Co. (cited with approval in the November case, supra), 161 App. Div. 718, 719, 720: “ In Foot v. Brown (8 Johns. 64, 68) it was decided that a charge of ignorance or want of skill of a lawyer in a particular case was not actionable in the absence of pleading and of proving special damages. * * * This rule is subject to the limitation that the words, although directed to a single case, may in themselves imply general unskillfulness or general ignorance in the calling” (see, also, Hirschhorn v. Group Health Ins., *200 13 Misc 2d 338, 340, affd. 9 A D 2d 905; Smith v. Staten Is. Advance Co., 276 App. Div. 978). Here the plaintiff is charged with a single act of carelessness in that on the occasion when the picture was taken he permitted too many people in a small boat. While the word “ idiot ” may have the meaning ascribed to it by the plaintiff, in the context in which it is used, it may only be considered as a charge of lack of care. Moreover, as the complaint does not allege in what respect the picture in the article showing the plaintiff in the small boat was not true or accurate, and as the matter involves a subject of public interest, it must be held that the commentary, whether or not all agree with it (Fischer v. Brockway Co., 14 A D 2d 632; Tracy v. Kline & Son, 274 App. Div. 149, 153), is fair comment. “ A comment is fair when it is based on facts truly stated and free from imputations of corrupt or dishonorable motives on the part of the person whose conduct is criticized, and is an honest expression of the writer’s real opinion or belief. Mere exaggeration, slight irony or wit, or all those delightful touches of style which go to make an article readable, do not push beyond the limitations of fair comment. Facts do not cease to be facts because they are mixed with the fair and expectant comment of the story teller, who adds to the recital a little touch by his piquant pen ” (Briarcliff Lodge Hotel v. Citizen-Sentinel Publishers, 260 N. Y. 106, 118, 119; italics supplied).