Harry B. Frank, J.
Defendants move for judgment dismissing the complaint pursuant to CPLR 3211 (subd. [a], par. 7; subd. [c]). This action is in libel and slander. It relates to an alleged nose-thumbing incident occurring on the October 18, 1964, telecast of the Ed Sullivan Show.
In a first cause asserted against the defendant Sullivan, it is alleged that on October 18, 1964, he stated publicly of the plaintiff that he “made obscene gestures ”, engaged in “ offensive conduct ”, committed 61 gross insubordination ”, would be “ run out of the entertainment business ” and stated further “ I’ll *339 destroy you in show business ” and “ I’ll hurt you in every way I can ” and “You did dirty things on my program ” and “ You are an animal ” and “ You are a crook ” and “ You are a thief and a bandit ” and “ You are a-------- ” and “ You are a —■ ” and “ You —
In a second cause asserted against defendant Sullivan, it is alleged that on October 18, 1964, defendant made statements of the plaintiff to reporters from designated news media which statements were widely published and publicized that he had fired the plaintiff “as a result of Mason’s on camera obscene gestures, offensive conduct, insubordination and gross deviation from material agreed upon on the telecast to-night ” and stating further: “ ‘ And this guy * * *. We have cue signals. Raise two fingers to show there are two minutes to go. One finger for one minute to go. And when this guy saw that — right before the cameras, mind you — he says: “ Everybody’s giving me the finger around here.” Then he holds his finger in the classic position and says: “ ‘ So here’s a finger for you, and a finger for you, and a finger for you. ’ ’ ’
In a third cause asserted against both defendants, it is alleged that they composed a telegram of and concerning the plaintiff stating that the plaintiff made on-camera “ obscene gestures ” and engaged in “offensive conduct” in “ gross insubordination” and in “deviation from agreed upon material on Tonight’s ED SULLIVAN SHOW ”.
The fourth cause is based on the defamatory matter subject of the third cause and it is alleged that such matter was set forth in a press release, which defendants caused to be circulated and distributed to leading newspapers, magazines and news services and news media in the United States and abroad. No special damage is alleged in any of those causes.
Finally, in a fifth cause, plaintiff repeats the material allegations of the first four causes and sets forth further allegations intended to supply the element of special damage.
Defendants rely on the single instance rule and on several defenses including truth, provocation and reply, fair comment. Plaintiff asserts the particular instance of which complaint is made was not the provocation to which reply was made hut rather, prior to his criticized conduct, the defendant Sullivan had taken a posture on stage and in view of the live audience which deviated from telecasting practice, thus intruding on plaintiff’s act and as defendant well knows, as alleged, requiring response in plaintiff’s accustomed manner and comedie routine to sustain the continued acceptance of his performance. Plaintiff’s reply, he states, met with audience approval. The court *340 viewed the film in question and found it neither obscene nor offensive. The single-instance rule applied in Foot v. Brown (8 Johns. 64) has been relaxed. The question is whether, while the defamation relates to a single occasion, it may be said to be so outrageous and severe in its application as to impute general unfitness in trade or profession. Thus in Twiggar v. Ossining Print. & Pub. Co. (161 App. Div. 718, 720) the court stated: “ This rule is subject to the limitation that words, although directed to a single case, may in themselves imply general unskillfulness or general ignorance in the calling ”. (See, also, November v. Time, Inc., 13 N Y 2d 175.) The charge may be so gross as to go to the heart of the trade or profession and reflect accordingly upon the person defamed. The alleged oral statements, subject of the first cause, must be taken together and in the light of the admitted status of the plaintiff, the Ed Sullivan Show, and of Ed Sullivan. The issue is fairly presented whether the alleged slander survives the single occurrence as a slander per se, affecting the plaintiff in his calling.
The second cause in slander sets forth material less embracive and more particularly referring to the single telecast. In the absence of special damage it is insufficient. The third and fourth causes based on a telegram alleged to have been composed by the defendants (third cause) and made the subject of release to news media (fourth cause) suffer for like reason.
The fifth cause is intended to supply special damage as to the other causes. It alleges no other or different defamation. Defendants are responsible for the consequences of statements given to the press (Campo v. Parr, 18 A D 2d 364). However, the fifth cause is repetitious and adds nothing to the second, third and fourth causes save the element of special damage which they require.
The purported defenses are not conclusively established. For example, as to the claimed need for the protection of reply by virtue of plaintiff’s conduct, he asserts that upon the conclusion of the telecast portion of the program there appeared on stage for the live audience one of the “ Animals ” who had participated in the show whose conduct was far more offensive than plaintiff’s. There is also the question whether defendants could in fact eliminate the alleged offensive footage from the tape which was used on the West Coast two hours after conclusion of the New York showing. Further, the matters subject of the first cause tender reasonably an issue of malice and these may be used in relation to the other causes. Defendants insist that plaintiff deviated from agreed upon material, but this, plaintiff insists, is unrealistic both in relation to the realities of rehearsal *341 and of his act and to what occurred immediately prior to his criticized conduct.
The motion is granted, dismissing the second, third, fourth and fifth causes and it is denied as to the first cause with leave to plaintiff within 20 days of service of a copy of this order with notice of entry to serve an amended complaint as to the second, third and fourth causes.