Clare J. Hoyt, J.
For some years plaintiff was retained by the Westchester Joint Water Works as its independent auditor. In 1964, the Water Works created the position of part-time accountant and appointed plaintiff to fill it. The position had a noncompetitive civil service status and entitled plaintiff to join the New York State Betirement System. Apparently the Water Work’s trustees wished to reward plaintiff for his many years of faithful service by making him eligible for participation in the retirement system, a benefit they could not confer so long as he remained an independent auditor. However, before the position was created the trustees made inquiry of both the Civil Service Commission and the office of the Comptroller to determine if the proposed plan violated any State law or rule. Both agencies replied in the negative, the Comptroller’s opinion noting “ a joint water .works system is not required to have an independent auditor ’ ’. Matters progressed smoothly until a new administration took office in 1966. The new trustees of the Water Works voted unanimously to abolish the position of part-time accountant, citing the conflict of interest created by plaintiff’s dual role as an employee-accountant and independent auditor. Plaintiff had anticipated the action and he notified the defendant newspaper that it should cover the meeting where the action was taken. At the meeting, after the trustees had acted, plaintiff charged them with political chicanery and spoils system politics in abolishing the post. The story was fully covered by the local press, including defendant news *1053 paper, and some few days later the plaintiff wrote a lengthy letter to the editor of the defendant paper defending his position and attacking the action of the trustees. The letter was published and the following week the defendant newspaper carried a letter from defendant Schimmel replying to plaintiff’s letter. The Schimmel letter contained two sentences that plaintiff charges were false, defamatory, scandalous, malicious and untrue. They are: “ It is most fortunate for Mr. Krutech that he is not now, and never has been a Certified Public Accountant and is, therefore, not bound by the ‘ Code of Professional Ethics ’ as set down by the American Institute of C.P.A.s. and the Now York State Society of C.P.A.s. * * * Let me sum up. Mr. Krutech’s charges and his attorney’s mouthings are complete nonsense. Mr. Krutech’s acts were at best unorthodox and at worst unethical.”
Suit was commenced thereon by plaintiff who averred that defendants knew or should have known said statements were untrue and that by reason of such publication he had been substantially damaged. The matter is before the court on defendant newspaper’s motion for an order dismissing the complaint or granting summary judgment. The basic argument defendant newspaper makes is that the statements alleged to be defamatory constitute fair comment and in any event, they were qualifiedly privileged.
The statements complained of, standing alone, are libelous per se (Kraushaar v. La Vin, 181 Misc. 508) and unquestionably they are made of and concerning plaintiff. However, the defenses that the newspaper asserts are complete if supported by the evidence before the court. We note at the outset that plaintiff need not meet the heavy burden established by New York Times Co. v. Sullivan (376 U. S. 254) to recover. The Times case holds (pp. 279-280): “ The constitutional guarantees [of freedom of speech and freedom of the press] require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves the statement was made with ‘ actual malice ’ — that is, with knowledge that it was false or with reckless disregard of whether it was false or not.”
A subsequent holding of the Supreme Court has focused on the definition of ‘ ‘ public official ’ ’ in applying the Times rule. The “ designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs ” (Rosenblatt v. Baer, 383 U. S. 75, 85). “ But a conclusion that the New York Times *1054 malice standards apply could not be reached merely because a statement defamatory of some person in government employ catches the public’s interest; that conclusion would virtually disregard society’s interest in protecting reputation. The employee’s position must be one which would invite public scrutiny and discussion of the person holding it, entirely apart from the scrutiny and discussion occasioned by the particular charges in controversy ” (id., pp. 86-87, n. 13). Plaintiff fits in the latter category, not the former, and need only satisfy the traditional New York rules for making a libel case to recover.
The complete defense of fair comment is based upon proof “that the facts on which the comment- is based are true and that the comment is a conclusion reasonably drawn from those facts, made in good faith, without malice, and honestly believed by defendant to be correct” (Cheatum v. Wehle, 5 N Y 2d 585, 596, concurring opinion of Van Voorhis, J., adopted by the majority of the court on the question of fair comment). Normally “it is for the jury to decide whether the defense of fair comment has been established” (Id., p. 597). On the affidavits before the court, summary disposition of this question is not warranted. The questions of reasonableness, honesty, good faith and malice as well as what the underlying facts were and whether they were truly stated must be decided at a plenary trial and not on affidavits.
Qualified privilege, also a complete defense, rests on different grounds. It arises “upon cither an occasion or by reason of some relationship which made it proper for the defendant to communicate the libelous matter to the third party ” (Seelman, Law of Libel, § 248A). As Judge Van Voorhis notes in Cheatum v. Wehle (supra, p. 598): “In the absence of a relationship entailing qualified privilege, it is, of course, sufficient for a plaintiff to show that defamatory words were spoken of and concerning him. If the libel or slander is per se, the law presumes malice, falsity and damages. * * * In cases -of qualified privilege, however, malice and falsity are not presumed but must be proved.”
Defendant newspaper argues that because the plaintiff initiated the controversy with his letter to the editor, defendant Schimmel’s letter in reply was cloaked with the qualified privilege of reply. This argument goes wide of the mark. The qualified privilege of reply was developed to protect the man who was personally attacked when he met the attack with a libelous counterattack, so long as the counterattack was not the product of actual malice (Seelman, Law of Libel, §§ 254-256). Plaintiff’s letter to the editor was an attempt by him to justify *1055 his own conduct and an attack on the trustees of the Water Works. In replying, the defendant Schimmel is essentially a volunteer since he was not attacked by plaintiff and no decided case gives him license to attack plaintiff simply because plaintiff has attacked another. As Keller v. American Bottlers Pub. Co. (140 App. Div. 311, 314) said in rejecting the same argument defendant newspaper makes: “ It is rather a novel proposition that because the plaintiff had libeled a third person in his paper, that fact justified or mitigated the defendants’ misconduct in libeling the plaintiff. ’ ’
Preston v. Hobbs (161 App. Div. 363) does not suggest a different result, but rather it holds that a newspaper publishing the reply of a person to the attack on him of another published in a different newspaper has the same privilege as the one attacked. The missing link in the matter now before the court is that defendant Schimmel was not himself attacked. Essentially the defendant newspaper’s argument on qualified privilege is merely an extension of its argument on fair comment. Although the doctrine of qualified privilege has been considerably expanded over the years, the court holds that there is no qualified privilege attaching to the acts of the defendant newspaper herein.
The motion is denied in all respects.