■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN RONZELLI, Appellant.— Judgment unanimously modified, on the law, so as to reverse and vacate the judgment of conviction of assault in the second degree under the fourth count of the indictment (*People* v. *English,* 16 N Y 2d 719; *People* v. *Lo Verde,* 7 N Y 2d 114), the count dismissed, and the judgment as so modified is otherwise affirmed. We conclude no prejudicial error resulted from the testimony of a prior photograph identification. Prior to such testimony the complaining witness testified to the occurrence, described her assailant and his attire, and had directly identified the defendant as that assailant. The trial court initially denied defendant's motion for a mistrial based on the witness' statement, after which the jury was excused, and the court heard argument of counsel on the issue. Subsequently the court, in the absence of the jury, struck the testimony from the record and when the jury was brought in they were instructed to disregard such testimony. The subject was not pursued further thereafter by anyone. Under the circumstances and in the context in which the statement appears, we conclude that no prejudice resulted. Concur — Breitel, J. P., McNally, Stevens, Steuer and Capozzoli, JJ.

■ DONALD J. LOUDIN, Respondent, v. MOHAWK AIRLINES, INC., et al., Appellants.— Order, entered on February 10, 1966, denying motion to dismiss second amended complaint and granting leave to replead the third cause of action, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and with leave to plaintiff to replead the first and second causes of action. The second amended complaint contains three causes of action. The third cause of action was the sixth cause of action of the second amended complaint which was dismissed by this court without leave to replead (24 A D 2d 447). When attention was called to this, plaintiff cross-moved to replead. This practice is not permissible. The application must be made, preferably by way of motion to amend the order of dismissal, to the same court or Judge which dismissed the cause of action. The first and second causes of action are in libel. In effect they allege that the defendants discharged the plaintiff because he certified a pilot as qualified who should not have been certified. There is nothing in the written matter which in any way characterizes plaintiff's act and it is not inferable that he certified the pilot because of improper influences, or that he was generally incapable. Consequently, the article is not libelous per se (*Twiggar* v. *Ossining Print. & Pub. Co.,* 161 App. Div. 718; *Amelkin* v. *Commercial Trading Co.,* 23 A D 2d 830, affd. 17 N Y 2d 500). In order to state a cause of action, special damages must be pleaded (*November* v. *Time Inc.,* 13 N Y 2d 175, 178). Special Term's conclusion that the article charged plaintiff with perjury because it stated that he testified before the Civilian Aeronautics Board cannot be sustained. Quite aside from technical objections, there is absolutely no implication that the testimony stated to be given by plaintiff was in any way false. Concur — Rabin, J. P., McNally, Stevens, Steuer and Capozzoli, JJ.